■ OLIES PHILOGENE, Respondent, v FULLER AUTO LEASING et al., Appellants.—Order, Supreme Court, New York County (Karla Moskowitz, J.), entered October 24, 1989, which denied defendants' motion pursuant to CPLR 503 and 511 (a) to change venue from New York to Richmond County, unanimously reversed, on the law, with costs and disbursements, and the motion granted.

Plaintiff was injured in an automobile accident which occurred on March 17, 1987 in New York County. He thereafter commenced this action on June 30, 1987. The summons did not identify plaintiff's residence or the basis of the venue as selected. The complaint did allege that plaintiff "is a resident of the City and State of New York." Defendants answered on July 28, 1987 without serving a demand pursuant to CPLR 511 (a) for a change of venue as of right.

Plaintiff was thereafter deposed on July 26, 1989 and testified that he had lived for the past 10 years or more at 1077 Castleton Avenue, Richmond County. He had never, he testified, during any of that period, resided in New York County. By notice of motion dated July 27, 1989, defendants moved for a change of venue to Richmond on the ground that Richmond rather than New York is the proper county for venue, since neither defendant is a resident of New York County and plaintiff resides in Richmond County. The IAS court denied the motion, finding that, since strict compliance with CPLR 511 (a)'s time requirements is mandated, defendants' failure to serve a timely demand was fatal. We reverse.

Insofar as is relevant, CPLR 503 (a) provides, "Except where otherwise prescribed by law, the place of trial shall be in the county in which one of the parties resided when [the action] was commenced". Thus, since neither defendant is a New York County resident and plaintiff at all relevant times has resided in Staten Island, Richmond is the proper county for venue. A change of venue sought as of right on the ground

that the county selected is an improper one must be sought by service of a demand (CPLR 511 [a]) followed by a motion, if the demand is not acceded to, within 15 days after service thereof (CPLR 511 [b]). Noncompliance with the statutory time requirements should not act as a bar where, as here, a plaintiff's willful omissions and misleading statements regarding his residence are the cause of such noncompliance and the defendant moves promptly after ascertaining the true state of affairs. Here, defendants' motion for a change of venue—made the day after they ascertained plaintiff's residence—could not have been made more promptly. We note that while there is Fourth Department dicta that "the time provisions of CPLR 511 (subd. [b]) are directory only" *(Beardsley v Wyoming County Community Hosp.,* 42 AD2d 821), we do not follow that reasoning; in granting this motion we rely, rather, on the misleading tactics of plaintiff's attorney. Concur—Murphy, P. J., Sullivan, Carro, Kassal and Wallach, JJ.