■ SPANCRETE NORTHEAST, INC., Appellant, v ELITE ASSOCIATES, INC., et al., Respondents.—In an action to recover on a labor and material payment bond for moneys allegedly due on a construction subcontract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Baisley, J.), dated April 6, 1990, which denied its motion for summary judgment.

Ordered that the order is reversed, on the law, with costs,

the plaintiff's motion for summary judgment is granted, and the matter is remitted to the Supreme Court, Suffolk County, for entry of an appropriate judgment.

The plaintiff commenced this action against the named principal and the surety's purported successor on a labor and material payment bond to recover $30,728 allegedly due on a subcontract. The principal, Elite Associates (hereinafter Elite), was the general contractor on the construction project known as the Longwood Senior High School, and, pursuant to the subcontract, the plaintiff was to furnish all labor, material, and equipment to install hollow core slabs at the project site. In 1988 the plaintiff moved for summary judgment, and this court affirmed the denial of that motion on the ground that the plaintiff had not established its cause of action sufficiently to warrant the court in directing judgment as a matter of law in its favor (Spancrete Northeast v Elite Assocs., 148 AD2d 694). Specifically, we found that the affidavit of its treasurer was insufficient to establish that the plaintiff had fully performed the subcontract work in accordance with the contract documents.

In its subsequent motion for summary judgment which is the subject of this appeal, the plaintiff provided an affidavit from the architect in charge of the project together with copies of applications and certificates for payment which were submitted by Elite to the Longwood Central School District and signed by the architect. This evidence established that the subcontract work was completed in accordance with the terms of the contract. Accordingly, the plaintiff met its burden on this motion for summary judgment of establishing its cause of action sufficiently to warrant the court in directing judgment as a matter of law in its favor (see, Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065, 1067; CPLR 3212 [b]).

The burden then shifted to the defendants to present evidentiary proof in admissible form sufficient to require a trial of material questions of fact (see, Zuckerman v City of New York, 49 NY2d 557, 562). In opposing the plaintiff's motion, the defendants relied on an affidavit by Elite's corporate secretary. We find that the conclusory allegations in the affidavit that the plaintiff failed to perform the subcontract in a workmanlike manner were insufficient to present a triable issue of fact in view of the statements in the applications and certificates for payment that the work was completed in accordance with the contract documents, particularly in the absence of any proof that the corporate secretary had personal knowledge of the quality of the work performed at the project

site. Accordingly, we find that the court erred in denying the plaintiff's motion for summary judgment. We further note that no issue is raised by the parties with respect to the status of the defendant Cigna Fire Underwriters Insurance Company as successor to the original surety. Mangano, P. J., Bracken, Balletta and O'Brien, JJ., concur.