■ Lee Peretzman et al., Appellants, v David Elias, Respondent. [633 NYS2d 164] —Order, Supreme Court, New York County (Carol Arber, J.), entered on or about February 3, 1995, which granted defendant's motion to change of venue of this action to Nassau County pursuant to CPLR 511 (b), unanimously affirmed, with costs.

Pursuant to CPLR 503 (a), the place of trial shall be in the county in which one of the parties resided when the action commenced (*Berberich v York Scaffold Equip. Corp.*, 177 AD2d 451). Here, there is no question that New York County is not a proper county since none of the parties resided therein at the time of the commencement of the action.

"While a defendant who seeks a change of venue based upon an improper designation by a plaintiff must normally comply with the procedure of CPLR 511 and the time limits set forth therein, '[n]oncompliance with the statutory time requirements should not act as a bar where * * * a plaintiff's willful omissions and misleading statements regarding his residence are the cause of such noncompliance and the defendant moves promptly after ascertaining the true state of affairs.' " (*Roman v Brereton*, 182 AD2d 556, 557, quoting *Philogene v Fuller Auto Leasing*, 167 AD2d 178, 179.)

Plaintiffs failed to indicate their residence in the summons and complaint they filed in May 1993, but rather stated the basis of venue in New York County as plaintiff's business address. Defendant served his answer on or about July 30, 1993, and immediately began attempting to ascertain and verify plaintiffs' residence. Only six days later, on August 5, 1993, defendant made a demand for a change of venue to Nassau County pursuant to CPLR 511. Based on plaintiffs' willful omission of their residence, the belated service of defendant's demand is excusable.

Thereafter, defendant did not receive written acknowledgement by plaintiffs of their residence until November 1993. In addition, claiming that they never received it, plaintiffs never

responded to defendant's demand. In light of plaintiffs' initial willful omission and continued failures and delays, defendant moved within a reasonably prompt period and his meritorious motion for a change of venue was properly granted by the IAS Court acting within its sound discretion. Concur—Sullivan, J. P., Ellerin, Wallach, Asch and Tom, JJ.