■ WINSTON RUNCIE et al., Appellants, v CROSS COUNTY SHOPPING MALL et al., Respondents, et al., Defendants. [702 NYS2d 612] —In an action, *inter alia,* to recover damages for false arrest and assault, the plaintiffs appeal from an order of the Supreme Court, Kings County (Rappaport, J.), dated April 26, 1999, which granted the motion of the defendants Cross County Shopping Mall, Marx Realty & Improvement Co., Inc., and United Shopping Centers, Inc., in which the defendants CVS New York, Inc., and Melville Corporation joined, to change the venue of the action from Kings County to Westchester County.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the Clerk of the Supreme Court, Westchester County, is directed to deliver all papers filed in this action to the Clerk of the Supreme Court, Kings County.

A demand to change venue based on the designation of an improper county (*see,* CPLR 510 [1]) "shall be served with the answer or before the answer is served" (CPLR 511 [a]). Where, as here, the respondents fail to serve a timely demand for a change of venue and fail to make a motion within the 15-day requirement of the statute (*see,* CPLR 511 [b]), they are not entitled to a change of venue as of right (*see, Singh v Becher,* 249 AD2d 154; *Newman v Physicians' Reciprocal Insurers,* 204 AD2d 210; *Pittman v Maher,* 202 AD2d 172, 174; *Korman v City of New York,* 89 AD2d 888; *Matter of D.M.C. Constr. Corp. v Nash Steel Corp.,* 70 AD2d 635, 637). In addition, the respondents did not move promptly for a change of venue after ascertaining the alleged true residence of the plaintiff Winston Runcie (*cf., Buziashvili v Ryan,* 264 AD2d 797; O'Connor v Roman Catholic Diocese, 231 AD2d 700; *Philogene v Fuller Auto Leasing,* 167 AD2d 178).

Furthermore, the Supreme Court improvidently exercised its discretion in granting the respondents' motion to change venue

pursuant to CPLR 510 (3). The respondents failed to show that the convenience of nonemployee witnesses would be served by a change of venue (*see, Cumberbatch v Gatehouse Motel & Rest.,* 265 AD2d 370; *O'Brien v Vassar Bros. Hosp.,* 207 AD2d 169, 173; *D'Argenio v Monroe Radiological Assocs.,* 124 AD2d 541; *Lundgren v Lovejoy, Wasson, Lundgren & Ashton,* 82 AD2d 912). Bracken, J. P., Santucci, Altman, Friedmann and H. Miller, JJ., concur.