■ Rocco Supino et al., Respondents, v PV Holding Corp., Appellant, et al., Defendant. [738 NYS2d 675] —In an action to recover damages for personal injuries, etc., the defendant PV Holding Corp. appeals from an order of the Supreme Court, Queens County (Satterfield, J.), dated June 4, 2001, which denied its motion to change the venue of the action from Queens County to Nassau County.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the Clerk of the Supreme Court, Queens County, is directed to deliver to the Clerk of the Supreme Court, Nassau County, all papers filed in this action and certified copies of all minutes and entries (see, CPLR 511 [d]).

The Supreme Court erred in denying the appellant's motion to change the venue of this action from Queens County to Nassau County. The plaintiffs improperly placed the venue of this action in Queens County, where none of the parties reside, thereby forfeiting their right to designate venue (see, CPLR 503 [a]; *Bailon v Avis Rent A Car*, 270 AD2d 439; *Anderson v Ungar*, 267 AD2d 186). The appellant then promptly moved to change venue to a proper county after ascertaining the plaintiffs' true county of residence (see, *Buziashvili v Ryan*, 264 AD2d 797; *O'Connor v Roman Catholic Diocese of Rockville Ctr.*, 231 AD2d 700; *Philogene v Fuller Auto Leasing*, 167 AD2d 178). The order therefore must be reversed and the motion granted. Ritter, J.P., Feuerstein, O'Brien, H. Miller and Townes, JJ., concur.