■ JOANN CARBONARA et al., Plaintiffs, v DONNA T. BRENNAN et al., Defendants. CHELLI & BUSH, Nonparty Appellant; FRANK J. SANTO, P.C., Nonparty Respondent. [752 NYS2d 559] —In an action to recover damages for personal injuries, etc., Chelli & Bush, the attorney for the plaintiffs, appeals from an order of the Supreme Court, Kings County (M. Garson, J.), dated May 8, 2002, which granted the motion of the nonparty respondent, Frank J. Santo, P.C., the former attorney for the plaintiffs, to permanently stay its petition in the Supreme Court, Richmond County, inter alia, to resolve the issue of the charging lien of the nonparty respondent, Frank J. Santo, P.C., in this action, and awarded the nonparty respondent, Frank J. Santo, P.C., one third of the net attorney's fee in this action.

Ordered that the order is modified by deleting the provision thereof awarding Frank J. Santo, P.C., one third of the net attorney's fee in this action; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a hearing in accordance herewith.

On the record before us, it cannot be determined whether the nonparty respondent, Frank J. Santo, P.C. (hereinafter

Santo), was discharged with or without cause by the plaintiffs in this action. Since Santo's right to a quantum meruit recovery, and to a charging lien under Judiciary Law § 475, are dependent on whether the termination of the attorney-client relationship was justified (*see Campagnola v Mulholland, Minion & Roe,* 76 NY2d 38), the matter is remitted to the Supreme Court, Kings County, for a hearing to determine this issue (*see Shalom Toy v Each & Every One of Members of N.Y. Prop. Ins. Underwriting Assn.,* 239 AD2d 196). In the event the Supreme Court determines that the plaintiffs' discharge of Santo was not justified by cause, it should make a factual finding of the reasonable value of Santo's services for which it was not previously compensated, if any.

However, the Supreme Court, Kings County, properly granted the motion to permanently stay the proceeding commenced in the Supreme Court, Richmond County, where the nonparty appellant sought resolution of the counsel fee issue. The Supreme Court, Kings County, which is the venue of the action to recover damages for personal injuries, is the proper forum to determine the issue of counsel fees arising from the action (*see generally Lai Ling Cheng v Modansky Leasing Co.,* 73 NY2d 454).

In light of this determination, we deem it unnecessary to reach the remainder of the nonparty appellant's contentions. Altman, J.P., S. Miller, Adams and Cozier, JJ., concur.