■ GINA FISHER, Respondent, v MAUREEN FINNEGAN-CURTIS, Sued Herein as CURTIS FINNEGAN, Appellant. [779 NYS2d 221]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Hubsher, J.), dated September 25, 2003, as, in effect, granted her motion to change venue from Kings County to Suffolk County only to the extent of changing venue from Kings County to Queens County.

Ordered that the order is modified, on the law, by deleting from the decretal paragraph thereof the words "County of Queens" and substituting therefor the words "County of Suffolk"; so modified, the order is affirmed insofar as appealed from, with costs to the appellant, the Clerk of the Supreme Court, Queens County, is directed to deliver to the Clerk of the Supreme Court, Suffolk County, all papers filed in this action and certified copies of all minutes and entries (*see* CPLR 511 [d]), and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings in accordance herewith.

The plaintiff alleged in her complaint that she sustained personal injuries when a motor vehicle she was operating in Queens County was struck by a vehicle operated by the defendant. She subsequently commenced this action, placing the venue in Kings County, which is where she alleged she resided at that time. The complaint further alleged that the defendant resided in Suffolk County, an allegation which is not disputed. The defendant thereafter moved to change venue to Suffolk County, on the ground that Kings County is an improper county as both the plaintiff's motor vehicle registration, as reflected in the police accident report, and the "Report of Accident and Claim," which the plaintiff submitted to her insurer, indicated that she resides in Queens County. The plaintiff did not cross-move to retain venue in Kings County or to transfer venue to another county.

The venue of an action should be placed "in the county in which one of the parties resided when it was commenced" (CPLR 503 [a]). Since neither of the parties resided in Kings County at the time the action was commenced, the plaintiff's commencement of the action in Kings County was improper.

A plaintiff who selects an improper venue in the first instance forfeits the right to choose the place of venue (*see Nixon v Federated Dept. Stores,* 170 AD2d 659, 660 [1991]). Thereafter, where the defendant, as is the case here, properly serves with the answer a demand for a change of venue pursuant to CPLR 511 (b), and follows it up within 15 days with a motion to change venue to a proper venue pursuant to CPLR 503 (a), 510, and 511, the motion should be granted—particularly where, as here, the plaintiff failed to submit an affidavit showing that the county specified by the defendant was improper or that the county specified by the plaintiff was proper. Nor did she cross-move to retain venue in Kings County or to transfer venue to another county. The Supreme Court thus abused its discretion in changing venue to Queens County—a venue requested by no one—since CPLR 510 (1) authorizes a court to change venue *only* "upon motion," and not of its own initiative (*see Kelson v Nedicks Stores,* 104 AD2d 315, 316 [1984]; *Bank of N.Y. v Elance, Inc.,* 309 AD2d 725 [2003]; *Nixon v Federated Dept. Stores, supra*). Florio, J.P., Krausman, Townes, Mastro and Fisher, JJ., concur.