KATHLEEN NEU et al., Respondents, v ST. JOHN'S EPISCOPAL HOSPITAL, Defendant, and SAMUEL J. ROTH, M.D., P.C., et al., Appellants. [811 NYS2d 433]—

In an action to recover damages for medical malpractice and lack of informed consent, etc., the defendants Samuel J. Roth, M.D., P.C., and Samuel J. Roth, appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Belen, J.), dated June 7, 2005, as denied their motion to change the venue of the action from Kings County to Suffolk County.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the Clerk of the Supreme Court, Kings County, is directed to deliver to the Clerk of the Supreme Court, Suffolk County, all papers filed in the action and certified copies of all minutes and entries (*see* CPLR 511 [d]).

The Supreme Court should have granted the appellants' motion to change the venue of the action from Kings County to Suffolk County. The plaintiffs placed the venue of the action in Kings County based on their purported residence. In their motion papers, the appellants demonstrated that the plaintiffs actually resided in Suffolk County, not Kings County, at the time of the commencement of the action. Based on the injured

plaintiff's deposition testimony, the appellants demonstrated that the injured plaintiff was merely temporarily staying at a friend's apartment in Kings County at the time of the commencement of this action, but not "with a bona fide intent to retain the place as a residence for some length of time and with some degree of permanency" (*Ellis v Wirshba,* 18 AD3d 805 [2005]; *see Furth v ELRAC, Inc.,* 11 AD3d 509, 510 [2004]; *Jones-Ledbetter v Biltmore Auto Sales,* 229 AD2d 518, 519 [1996]; *Mandelbaum v Mandelbaum,* 151 AD2d 727, 728 [1989]). In opposition, the plaintiffs failed to present any documentary evidence that they resided in Kings County at the time of the commencement of this action. It is undisputed that the plaintiff Peter Neu resided in Suffolk County at the time of commencement, although the supplemental summons and complaint alleged that both of the plaintiffs resided in Kings County at the time of commencement. Moreover, contrary to the Supreme Court's determination, the appellants' motion was timely, as it was made promptly upon the appellants' ascertaining the injured plaintiff's true county of residence (*see Supino v PV Holding Corp.,* 291 AD2d 489 [2002]). Florio, J.P., Santucci, Mastro, Rivera and Covello, JJ., concur.