■ RAYMONDE OBAS, Respondent, v PAUL M. GRAPPELL et al., Appellants. [841 NYS2d 595]—

In an action to recover damages for medical malpractice, the defendants appeal from an order of the Supreme Court, Queens County (Weiss, J.), entered August 7, 2006, which denied their motion pursuant to CPLR 511 to change venue from Queens County to Nassau County.

Ordered that the order is affirmed, with costs.

A demand to change venue based on the designation of an improper county (*see* CPLR 503 [a]; 510 [1]) must be "served with the answer or before the answer is served" (CPLR 511 [a]). Here, since the defendants failed to serve a timely demand for a change of venue to Nassau County, and failed to make a motion for that relief within the statutory 15-day period (*see* CPLR 511 [b]), they were not entitled as of right to a change of venue to Nassau County (*see Joyner-Pack v Sykes,* 30 AD3d 469 [2006]; *Harleysville Ins. Co. v Ermar Painting & Contr., Inc.,* 8

AD3d 229, 230 [2004]; *Runcie v Cross County Shopping Mall,* 268 AD2d 577 [2000]). Thus, their motion "became one addressed to the court's discretion" (*Callanan Indus. v Sovereign Constr. Co.,* 44 AD2d 292, 295 [1974]; *see Pittman v Maher,* 202 AD2d 172, 175 [1994]). Moreover, the defendants failed to move promptly for a change of venue even after ascertaining the plaintiff's alleged true residence (*see Acosta v Hadjigavriel,* 6 AD3d 636, 637 [2004]; *Runcie v Cross County Shopping Mall, supra*), and the record does not establish that the plaintiff misled the defendants or sought to manipulate the venue rules (*see Joyner-Pack v Sykes, supra; Koschak v Gates Constr. Corp.,* 225 AD2d 315, 316 [1996]; *Pittman v Maher, supra* at 174). Under the circumstances, the Supreme Court providently exercised its discretion in denying the motion. Rivera, J.P., Spolzino, Fisher, Lifson and Dickerson, JJ., concur.