■ JEFFREY L. ROSENBERG & ASSOCIATES, LLC, Respondent, v PHILIPPE LAJAUNIE et al., Appellants. [864 NYS2d 471]—

In an action, inter alia, to recover fees for legal services rendered, the defendants appeal from so much of an order of the Supreme Court, Nassau County (Parga, J.), dated May 10, 2007, as (a) denied that branch of their motion which was to extend their time to demand a change in venue, (b) granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the first through thirteenth causes of action, and (c), in effect, denied their cross motion for summary judgment, inter alia, dismissing the first through third and the fourth through tenth causes of action insofar as asserted against the defendant Philippe Lajaunie in his personal capacity.

Ordered that the order is affirmed insofar as appealed from, with costs.

By summons and complaint filed January 20, 2005 the plaintiff law firm commenced this action against Philippe Lajaunie and five corporate entities he allegedly controls, seeking to recover unpaid legal fees, accrued interest, and collection costs arising from legal services rendered in connection with four matters, hereinafter referred to, respectively, as the Le Marais DC Matter, the Les Halles DC Matter, the Reglat Matter, and the Reorganization Matter. The complaint asserted 14 causes of action. The first through thirteenth causes of action to recover damages for breach of contract and on an account stated relate to each of the above matters. The fourteenth cause of action seeks payment of fees and costs allegedly incurred by the plaintiff in attempting to collect the debt.

In response to the plaintiff's showing of its entitlement to summary judgment on the issue of liability on the first through thirteenth causes of action, the defendant failed to raise a triable issue of fact (*see Mintz & Gold, LLP v Hart,* 48 AD3d 526 [2008]; *Ziskin Law Firm, LLP v Bi-County Elec. Corp.,* 43 AD3d

1158 [2007]; *Drug Guild Distribs. v 3-9 Drugs,* 277 AD2d 197 [2000]; *see generally Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]).

Contrary to the defendants' contention, the first three causes of action are not barred by the applicable six-year statute of limitations (*see* CPLR 213 [5]). Even assuming, as the defendants assert, that the statute of limitations as to these causes of action would have run sometime in 2004, the defendants signed a subsequent retainer agreement (hereinafter the reorganization retainer agreement) in December 2003 in which the defendants explicitly acknowledged their obligation to pay the existing debt for past services rendered and evinced their intent to pay it (hereinafter the acknowledgment language). This was sufficient to restart the running of the statute of limitations for six years from that date (*see* General Obligations Law § 17-101; *Lew Morris Demolition Co. v Board of Educ. of City of N.Y.,* 40 NY2d 516, 521 [1976]; *Banco do Brasil v State of Antigua & Barbuda,* 268 AD2d 75 [2000]; *Anonymous v Anonymous,* 172 AD2d 285 [1991]; *see also Sullivan v Troser Mgt., Inc.,* 15 AD3d 1011, 1011-1012 [2005]; *Fade v Pugliani/Fade,* 8 AD3d 612, 613 [2004]; *Erdheim v Gelfman,* 303 AD2d 714, 714-715 [2003]). Contrary to the defendants' contentions, the unsupported allegation of Lajaunie in his affidavit, that the plaintiff "slipped" the acknowledgment language into the reorganization retainer agreement without his knowledge or that of his partner, is insufficient to raise a triable issue of fact regarding the efficacy of the reorganization retainer agreement (*see Cohen v Cerier,* 243 AD2d 670, 672 [1997]; *Superior Realty Corp. v Cardiff Realty,* 126 AD2d 633 [1987]; *Most v Monti,* 91 AD2d 606 [1982]).

Contrary to the defendants' contention, the reorganization retainer agreement, as well as numerous letters and bills, also established the plaintiff's entitlement to judgment as a matter of law on the eighth, ninth, and tenth causes of action regarding Lajaunie's personal liability for payment for services rendered with respect to the Reglat Matter. In response to this showing, the defendant Lajaunie failed to raise a triable issue of fact.

Moreover, the unsubstantiated allegations in Lajaunie's affidavit, that Jeffrey Rosenberg's behavior caused the deal on the Le Marais DC Matter to fall through, were insufficient to raise any questions of fact with respect to the first, second, and third causes of action for payment for services rendered on the Le Marais DC Matter (*see Zuckerman v City of New York,* 49 NY2d 557 [1980]; *Goldstein v County of Suffolk,* 300 AD2d 441, 442 [2002]). This is especially so in view of Lajaunie's own state-

ment, in a letter to Rosenberg dated November 9, 2001, that the defendants "acknowledge the accuracy of the legal time and the excellence of your services" (*see Spancrete Northeast v Elite Assoc.*, 184 AD2d 562 [1992]).

The Supreme Court providently exercised its discretion in denying the defendants' motion to extend their time to demand a change of venue. Since the defendants failed to serve a timely demand for a change of venue to New York County, and failed to make a motion for that relief within the statutory 15-day period (*see* CPLR 511 [b]), they were not entitled, as of right, to a change of venue to New York County (*see Joyner-Pack v Sykes*, 30 AD3d 469 [2006]; *Harleysville Ins. Co. v Ermar Painting & Contr., Inc.*, 8 AD3d 229, 230 [2004]; *Runcie v Cross County Shopping Mall*, 268 AD2d 577 [2000]). Thus, their motion " 'became one addressed to the court's discretion' " (*Obas v Grappell*, 43 AD3d 431, 432 [2007], quoting *Callanan Indus. v Sovereign Constr. Co.*, 44 AD2d 292, 295 [1974]). The record belies the defendants' assertion that their 10-month delay in moving for a change of venue was caused by "any willful omissions and misleading statements on the plaintiff's part" regarding its principal office (*Horowicz v RSD Transp.*, 249 AD2d 511 [1998]; *see* CPLR 503 [c]; *cf. Philogene v Fuller Auto Leasing*, 167 AD2d 178 [1990]).

The defendants' remaining contentions are without merit. Lifson, J.P., Florio, Carni and Belen, JJ., concur.