■ SILBERSTEIN, AWAD & MIKLOS, P.C., Respondent, v SPENCER, MASTON & McCARTHY, LLP, Appellant. [888 NYS2d 594]—

In an action to enforce a charging lien, the defendant appeals from an order of the Supreme Court, Nassau County (Mahon, J.), dated July 30, 2008, which denied its motion to change venue from Nassau County to Bronx County and granted the plaintiff's cross motion, inter alia, to dismiss its first, second, and third affirmative defenses.

Ordered that the order is affirmed, with costs.

The plaintiff law firm was replaced by the defendant law firm as counsel for the plaintiffs in a medical malpractice action which was commenced in the Supreme Court, Bronx County. After the underlying action was settled, the plaintiff commenced this action in the Supreme Court, Nassau County, to enforce its charging lien. The defendant moved for a change of venue to Bronx County, pursuant to CPLR 510 (1), on the ground that Nassau County was not a proper county for this action, and the Supreme Court denied the motion.

Since the plaintiff is a resident of Nassau County for venue purposes (*see* CPLR 503), Nassau County is a proper county for this action within the meaning of CPLR 510 (1), and the defendant, therefore, was not entitled to a change of venue as of right. The defendant relies upon this Court's holding that, as a general rule, the court in which an underlying action is litigated "is the proper forum to determine the issue of counsel fees arising from the action" (*Carbonara v Brennan*, 300 AD2d 528, 529

[2002]). However, under the particular circumstances of this case, including prior litigation between the parties in the Supreme Court, Nassau County, in connection with the defendant's replacement of the plaintiff as counsel in the underlying medical malpractice action, the Supreme Court did not improvidently exercise its discretion in denying the defendant's motion to change venue (*see Runcie v Cross County Shopping Mall*, 268 AD2d 577 [2000]; *Brevetti v Roth*, 114 AD2d 877, 877-878 [1985]; *Greentree Publ. Co. v Oneida Dispatch Corp.*, 59 AD2d 711 [1977]).

The defendant's remaining contentions are without merit.
Prudenti, P.J., Skelos, Covello and Austin, JJ., concur.