■ Vincent Accardi, Appellant, v Trevor Kaufmann, Respondent, et al., Defendants. [918 NYS2d 371]—

A demand to change venue based on the designation of an improper county (*see* CPLR 510 [1]) "shall be served with the answer or before the answer is served" (CPLR 511 [a]; *see Thomas v Guttikonda*, 68 AD3d 853, 854 [2009]). Since the defendant Trevor Kaufmann did not serve his demand for a change of venue until after he served his answer, he was not entitled to change venue as of right (*see Thomas v Guttikonda*, 68 AD3d at 854; *Jeffrey L. Rosenberg & Assoc., LLC v Lajaunie*, 54 AD3d 813, 816 [2008]). Thus, his motion became one addressed to the motion court's discretion (*see Thomas v Guttikonda*, 68 AD3d at 854; *Jeffrey L. Rosenberg & Assoc., LLC v Lajaunie*, 54 AD3d at 816).

The Supreme Court providently exercised its discretion in granting Kaufmann's motion to change the venue from Nassau County to Suffolk County. None of the parties resided in Nassau County at the time the action was commenced (*see* CPLR 503 [a]; *Peretzman v Elias*, 221 AD2d 192 [1995]). The plaintiff omitted from the summons the basis for placing the venue in Nassau County, indicating only that he was a resident of New York State (*see* CPLR 305 [a]; *Peretzman v Elias*, 221 AD2d at 192; *Philogene v Fuller Auto Leasing*, 167 AD2d 178 [1990]). Further, Kaufmann moved promptly to change venue after ascertaining the plaintiff's true residence (*see O'Connor v Roman Catholic Diocese of Rockville Ctr.*, 231 AD2d 700 [1996];

*Philogene v Fuller Auto Leasing*, 167 AD2d at 179). Skelos, J.P., Covello, Eng, Chambers and Sgroi, JJ., concur.