■ Melissa Mann, Respondent, v Janyear Trading Corp. et al., Appellants. [922 NYS2d 303]—

Order, Supreme Court, Bronx County (Geoffrey D. Wright, J.), entered on or about February 22, 2010, which, in an action for personal injuries sustained when plaintiff pedestrian was struck by defendants' vehicle, denied defendants' motion to change venue from Bronx County to Kings County, unanimously reversed, on the law, without costs, and the motion granted. Appeal from order, same court and Justice, entered July 14, 2010, which, upon reargument, adhered to the prior determination, unanimously dismissed, without costs, as academic.

The untimeliness of defendants' demand for a change of venue and the subsequent motion is excusable because the summons, complaint, and bill of particulars misleadingly indicated that plaintiff resided in Bronx County (*see Philogene v Fuller Auto Leasing*, 167 AD2d 178 [1990]). Furthermore, the record shows that defendants promptly moved only days after ascertaining that the statements made by plaintiff were misleading (*see id.*).

Regarding the merits, the motion, which was based on plaintiff's designation of an improper county (CPLR 510 [1]), should have been granted and venue changed to Kings County (defendants' residence). Plaintiff's assertion that she resided in Bronx County is untenable in light of her deposition testimony. When asked if she ever resided at her parents' residence in the Bronx "at any time during 2006," which was when the accident occurred and the action was commenced, plaintiff replied "no" and that she had lived in New York County during the relevant time (*see Santulli v Santulli*, 228 AD2d 247, 248 [1996]). Concur—Friedman, J.P., Sweeny, DeGrasse, Abdus-Salaam and Román, JJ.