(August 9, 2011)

NIKIKI BRASH, Respondent, v NEIL M. RICHARDS, Defendant, and HARRISON MU, Appellant. [929 NYS2d 745]—

A demand to change venue based on the designation of an improper county (*see* CPLR 510 [1]) "shall be served with the answer or before the answer is served" (CPLR 511 [a]; *see Thomas v Guttikonda*, 68 AD3d 853, 854 [2009]). Since the defendant Harrison Mu did not serve his demand for a change of venue until after he served his answer, he was not entitled to change venue as of right (*see Thomas v Guttikonda*, 68 AD3d at 854; *Jeffrey L. Rosenberg & Assoc., LLC v Lajaunie*, 54 AD3d 813, 816 [2008]; *Palla v Doctors Hosp. of Staten Is.*, 248 AD2d 603 [1998]). Thus, his motion became one addressed to the Supreme Court's discretion (*see Thomas v Guttikonda*, 68 AD3d at 854; *Jeffrey L. Rosenberg & Assoc., LLC v Lajaunie*, 54 AD3d at 816; *Palla v Doctors Hosp. of Staten Is.*, 248 AD2d at 604).

Kings County is not a proper county here, as none of the parties resided there at the time the action was commenced (*see Herrera v R. Conley Inc.*, 52 AD3d 218 [2008]; *Neu v St. John's Episcopal Hosp.*, 27 AD3d 538 [2006]; *Peretzman v Elias*, 221 AD2d 192 [1995]). When the plaintiff commenced this action, he did not specify the basis for placing venue in Kings County and, if based on his residence, he did not specify his address, as required by CPLR 305 (a) (*see Accardi v Kaufmann*, 82 AD3d 803 [2011]; *Philogene v Fuller Auto Leasing*, 167 AD2d 178 [1990]; *cf. Thomas v Guttikonda*, 68 AD3d at 854). Further, Mu moved promptly to change venue after ascertaining the plaintiff's true residence (*see Neu v St. John's Episcopal Hosp.*, 27 AD3d at 539; *Supino v PV Holding Corp.*, 291 AD2d 489 [2002]). Accordingly, the Supreme Court improvidently exercised its discretion in denying Mu's motion to change the venue of the action from Kings County to Queens County. Mastro, J.P., Chambers, Austin and Cohen, JJ., concur.