■ JAMES FORBES, Respondent, v MITCHELL RUBINOVICH, Appellant, et al., Defendants. [943 NYS2d 120]—

In an action, inter alia, to recover damages for medical malpractice and lack of informed consent, the defendant Mitchell Rubinovich appeals, as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (Bunyan, J.), dated June 1, 2011, as denied that branch of his motion which was to change the venue of the action from Kings County to Oneida County.

Ordered that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with one bill of costs, that branch of the motion of the defendant Mitchell Rubinovich which was to change the venue of the action from Kings County to Oneida County is granted, and the Clerk of the Supreme Court, Kings County, is directed to deliver to the Clerk of the Supreme Court, Oneida County, all papers filed in this action and certified copies of all minutes and entries (*see* CPLR 511 [d]).

A demand to change venue based on the designation of an improper county (*see* CPLR 510 [1]) "shall be served with the answer or before the answer is served" (CPLR 511 [a]; *see Thomas v Guttikonda*, 68 AD3d 853, 854 [2009]). Since the appellant moved for a change of venue after he served his answer, he was not entitled to a change of venue as of right (*see Thomas v Guttikonda*, 68 AD3d at 854; *Baez v Marcus*, 58 AD3d 585, 586 [2009]; *Jeffrey L. Rosenberg & Assoc., LLC v Lajaunie*, 54 AD3d 813, 816 [2008]). Thus, his motion became one addressed to the court's discretion (*see Brash v Richards*, 87 AD3d 556,

557 [2011]; *Accardi v Kaufmann*, 82 AD3d 803 [2011]; *Thomas v Guttikonda*, 68 AD3d at 854).

In support of his motion, the appellant submitted evidence establishing prima facie that the plaintiff resided in Richmond County and that the defendants resided in Oneida County. In opposition to the motion, the plaintiff was required to establish through documentary evidence that he intended to retain Kings County as a residence for some length of time and with some degree of permanency (*see Buziashvili v Ryan*, 264 AD2d 797, 798 [1999]; *Labissiere v Roland*, 231 AD2d 687 [1996]; *Mandelbaum v Mandelbaum*, 151 AD2d 727 [1989]). The plaintiff's driver's license, which was issued after the commencement of the action, was irrelevant (*see Buziashvili v Ryan*, 264 AD2d at 798; *Mandelbaum v Mandelbaum*, 151 AD2d 727 [1989]; *Siegfried v Siegfried*, 92 AD2d 916 [1983]). Furthermore, aside from a conclusory statement contained in his affidavit that he resided at an address in Kings County prior to commencing this action, the plaintiff failed to present any other evidence sufficient to establish that he resided in Kings County with any degree of permanency at the time this action was commenced (*see Harley v Miller*, 295 AD2d 401 [2002]; *cf. Ellis v Wirshba*, 18 AD3d 805 [2005]; *Schaefer v Schwartz*, 226 AD2d 619 [1996]). Moreover, the appellant moved promptly to change venue after ascertaining the plaintiff's true residence (*see Neu v St. John's Episcopal Hosp.*, 27 AD3d 538, 539 [2006]; *Supino v PV Holding Corp.*, 291 AD2d 489 [2002]; *Buziashvili v Ryan*, 264 AD2d at 798). Accordingly, that branch of the appellant's motion which was to change the venue of the action from Kings County to Oneida County pursuant to CPLR 510 (1) should have been granted. Skelos, J.P., Dickerson, Hall, Roman and Cohen, JJ., concur.