■ SMITH CAROBERT, Appellant, v BALDOR ELECTRIC COMPANY et al., Respondents. [958 NYS2d 611]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Schmidt, J.), dated November 10, 2011, which, after a hearing on the issue of residency for purposes of venue, granted the defendants' respective motions to change the venue of the action from Kings County to Nassau County.

Ordered that the order is affirmed, with one bill of costs.

A demand to change venue based on the designation of an improper county (*see* CPLR 510 [1]) "shall be served with the answer or before the answer is served" (CPLR 511 [a]; *see Thomas v Guttikonda*, 68 AD3d 853, 854 [2009]). Since the defendants did not serve their demands for a change of venue until after they served their answers, they were not entitled to change venue as of right (*see Thomas v Guttikonda*, 68 AD3d at 854; *Jeffrey L. Rosenberg & Assoc., LLC v Lajaunie*, 54 AD3d 813, 816 [2008]; *Palla v Doctors Hosp. of Staten Is.*, 248 AD2d 603 [1998]). Thus, their motions became motions addressed to the Supreme Court's discretion (*see Forbes v Rubinovich*, 94 AD3d 809 [2012]; *Brash v Richards*, 87 AD3d 556, 557 [2011]; *Thomas v Guttikonda*, 68 AD3d at 854).

In support of their respective motions, the defendants submitted evidence establishing, prima facie, that none of the parties resided in Kings County when the action was commenced (*see* CPLR 503 [a]). In opposition, and after a residency hearing, the plaintiff failed to establish through documentary evidence that he resided in Kings County with any degree of permanency at the time of the commencement of the action (*see Forbes v Rubinovich*, 94 AD3d at 810; *Doe v Hall*, 36 AD3d 651 [2007]; *Harley v Miller*, 295 AD2d 401 [2002]; *Buziashvili v Ryan*, 264 AD2d 797, 798 [1999]). By improperly commencing the action in Kings County, the plaintiff forfeited the right to select venue (*see Ruiz v Lazala*, 26 AD3d 366, 367 [2006]; *Fisher v Finnegan-Curtis*, 8 AD3d 527, 528 [2004]; *Dalton v Barrett*, 275 AD2d 297, 298 [2000]). Furthermore, the plaintiff failed to show that the county specified by the defendants was improper, and did not cross-move to retain venue in Kings County or to transfer venue to a county other than that urged by the defendants (*see Fisher v Finnegan-Curtis*, 8 AD3d at 528; *Nixon v Federated Dept. Stores*, 170 AD2d 659 [1991]; *Kelson v Nedicks Stores*, 104 AD2d 315, 316 [1984]). Moreover, the defendants promptly moved to change venue after ascertaining the plaintiff's true residence (*see Brash v Richards*, 87 AD3d at 557; *Neu v St. John's Episcopal Hosp.*, 27 AD3d 538, 539 [2006]; *Supino v PV Holding Corp.*, 291 AD2d 489 [2002]; *Buziashvili v Ryan*, 264 AD2d at 798). Accordingly, the Supreme Court providently

exercised its discretion in granting the defendants' respective motions to change the venue of the action from Kings County to Nassau County (*see* CPLR 510 [1]). Dillon, J.P., Hall, Roman and Cohen, JJ., concur.