Order, Supreme Court, New York County (Anil C. Singh, J), entered December 22, 2011, which, in this action alleging, among other things, discrimination, denied the motion of defendants Horizon Asset Management and Linda Collins (the Horizon defendants) to change venue from Bronx County to New York County, unanimously reversed, on the law, without costs, and the motion granted. Appeal from order, Supreme Court, Bronx County (Julia Rodriguez, J.), entered June 18, 2012, which granted defendant Mark Wszolek’s motion to change venue from Bronx County to New York County, unanimously dismissed, without costs, as academic.
The untimeliness of the Horizon defendants’ motion to change venue is excusable because plaintiff’s counsel and pleadings misleadingly indicated that she resided in Bronx County (see Mann v Janyear Trading Corp., 83 AD3d 566 [1st Dept 2011]). Furthermore, the record shows that the Horizon defendants promptly moved to change venue after receiving medical records indicating that plaintiffs statements were misleading (see id.).
The Horizon defendants’ motion should have been granted on the merits. Defendants met their initial burden of showing that the venue chosen by plaintiff was improper, by submitting evi *662 dence showing that she was residing in North Carolina at the time she commenced this action and had never previously lived in Bronx County (see Castro v New York Hosp. Med. Ctr. of Queens, 52 AD3d 251, 251-252 [1st Dept 2008]). In opposition, plaintiff failed to submit documentary evidence demonstrating her residence in Bronx County {id. at 252). Indeed, she provided only a self-serving and conclusory affidavit stating that she moved into her sister’s apartment in the Bronx on an unspecified date in January 2011, the month she filed this action {see Rivera v Jensen, 307 AD2d 229, 230 [1st Dept 2003]; Martinez v Semicevic, 178 AD2d 228, 229 [1st Dept 1991]). This was insufficient to satisfy her burden to “establish a bona fide intent to retain Bronx County as a residence for some length of time and with some degree of permanency” {Gladstone v Syvertson, 186 AD2d 400, 401 [1st Dept 1992] [internal quotation marks and brackets omitted]).
Given the foregoing determination, plaintiffs appeal, on the basis of law of the case, from the order entered June 18, 2012, which granted defendant Wszolek’s motion to change venue from Bronx County to New York County, is academic.
Concur— Andrias, J.E, Saxe, DeGrasse, Richter and Gische, JJ.