■ FELIX NUNEZ, Respondent, v YONKERS RACING CORP., Appellant, et al., Defendant. [61 NYS3d 600]—

In an action, inter alia, to recover damages for false arrest and assault and battery, the defendant Yonkers Racing Corp. appeals from an order of the Supreme Court, Kings County (Solomon, J.), dated February 25, 2016, which denied its motion to change the venue of the action from Kings County to Westchester County and, thereupon, changed the venue of the action from Kings County to Bronx County.

Ordered that the order is reversed, on the law, on the facts, and in the exercise of discretion, with costs, the motion of the defendant Yonkers Racing Corp. to change the venue of the action from Kings County to Westchester County is granted, and the Clerk of the Supreme Court, Kings County, is directed to deliver to the Clerk of the Supreme Court, Westchester County, all papers filed in this action and certified copies of all minutes and entries (*see* CPLR 511 [d]).

On January 30, 2014, the plaintiff allegedly was injured while detained by security personnel at Empire City Casino in Yonkers, Westchester County. In March 2014, he commenced this action in Kings County against the defendant Yonkers

Racing Corp. (hereinafter the defendant), the owner of Empire City Casino, among others. The face of the summons indicated that the plaintiff's residence was the basis for placing venue in Kings County. In his verified bill of particulars dated May 23, 2014, the plaintiff stated that he resided at an address in Brooklyn. At his deposition on April 23, 2015, the plaintiff testified that he had been a resident of the Bronx since moving to this country and had been residing in the Bronx with his girlfriend for approximately two years, including on January 30, 2014.

In July 2015, the defendant moved pursuant to CPLR 510 (1) to change the venue of the action from Kings County to Westchester County on the ground that the county designated by the plaintiff was an improper county. The plaintiff opposed the motion but did not cross-move to retain venue in Kings County or to change venue to another county. The Supreme Court denied the defendant's motion and thereupon changed the venue of the action from Kings County to Bronx County. The defendant appeals.

The plaintiff placed venue of the action in Kings County based on his purported residence but the defendant, in support of its motion, demonstrated that the plaintiff actually resided in Bronx County, not Kings County, at the time of commencement of the action. Thus, the plaintiff's choice of venue was improper (see CPLR 503 [a]; Ruiz v Lazala, 26 AD3d 366 [2006]). By selecting an improper venue in the first instance, the plaintiff forfeited the right to choose venue (see Zervos v Vargas, 105 AD3d 1040, 1041 [2013]; Fisher v Finnegan-Curtis, 8 AD3d 527, 528 [2004]; Mei Ying Wu v Waldbaum, Inc., 284 AD2d 434, 435 [2001]). Contrary to the plaintiff's contention, the defendant's motion pursuant to CPLR 510 (1) to change venue of the action from Kings County to Westchester County was addressed to the Supreme Court's discretion (see Carobert v Baldor Elec. Co., 102 AD3d 905, 906 [2013]; Forbes v Rubinovich, 94 AD3d 809, 809-810 [2012]), and was timely as the defendant promptly moved to change venue after ascertaining the plaintiff's true county of residence (see Carobert v Baldor Elec. Co., 102 AD3d at 906; Forbes v Rubinovich, 94 AD3d at 810; Brash v Richards, 87 AD3d 556, 557 [2011]; Accardi v Kaufmann, 82 AD3d 803 [2011]; Neu v St. John's Episcopal Hosp., 27 AD3d 538, 539 [2006]). Further, the plaintiff failed to demonstrate that Westchester County, the county specified by the defendant, was improper, and he did not cross-move to retain venue in Kings County or to change venue to a county other than that urged by the defendant (see Batkhine v New

*York City Tr. Auth.*, 118 AD3d 930 [2014]; *Carobert v Baldor Elec. Co.*, 102 AD3d at 906; *Ingenito v Wantagh Racket Sports, Inc.*, 47 AD3d 887, 888 [2008]).

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court improvidently exercised its discretion in denying the defendant's motion pursuant to CPLR 510 (1) to change venue of the action from Kings County to Westchester County (*see Brash v Richards*, 87 AD3d at 557). Moreover, in the absence of a cross motion by the plaintiff, the court was without authority to change venue of the action from Kings County to Bronx County, as such relief was not requested by either party (*see* CPLR 510 [1]; *Fisher v Finnegan-Curtis*, 8 AD3d 527, 528 [2004]). Dillon, J.P., Roman, Miller and LaSalle, JJ., concur.