Gordillo v Champ Hill LLC (2018 NY Slip Op 00109)





Gordillo v Champ Hill LLC


2018 NY Slip Op 00109


Decided on January 9, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2018

Friedman, J.P., Richter, Gesmer, Kern, Moulton, JJ.


5403N 23930/14E

[*1] Ivan Gordillo, Plaintiff-Appellant,
v
Champ Hill LLC, Defendant-Respondent.


Greenberg Law, P.C., New York (Raquel J. Greenberg of counsel), for appellant.
Law Office of Steven G. Fauth, LLC, New York (Steven G. Fauth of counsel), for respondent.



Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered August 12, 2016, which, in an action for personal injuries, inter alia, granted defendants' motion to change venue from Bronx County to New York County, unanimously affirmed, without costs.
The untimeliness of defendant's demand for a change of venue and the subsequent motion is excusable because the summons improperly indicated that plaintiff resided in Bronx County (see Philogene v Fuller Auto Leasing, 167 AD2d 178 [1990]; see also Oluwatayo v Dulinayan, 142 AD3d 113 [1st Dept 2016]; Mann v Janyear Trading Corp., 83 AD3d 566 [1st Dept 2011]). The parties do not contest the fact that while plaintiff does not reside on the island of Manhattan, his Marble Hill building is located in New York County, and not the Bronx. The record shows that defendant promptly moved after ascertaining that the statement made by plaintiff was incorrect (see Mann at 566). Plaintiff's arguments that defendant failed to show due diligence and was guilty of laches are unpersuasive, as the motion was made pursuant to CPLR 510(1) (improper county) and not CPLR 510(3) (convenience of the witnesses).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 9, 2018
CLERK