Reardon v Macy's, Inc. (2019 NY Slip Op 02135)





Reardon v Macy's, Inc.


2019 NY Slip Op 02135


Decided on March 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2018-01668
 (Index No. 518472/17)

[*1]Virginia Reardon, respondent, 
v
Macy's, Inc., et al., appellants, et al., defendants.


Lester Schwab Katz & Dwyer, LLP, New York, NY (Paul M. Tarr of counsel), for appellants.
Neal Forman, Brooklyn, NY, for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the defendants Macy's, Inc., Bloomingdales, LLC, Bloomingdales, Inc., Michael T. Malcolm, and Mirela Gjonbalaj appeal from an order of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), dated December 6, 2017. The order denied those defendants' motion to change venue of the action from Kings County to New York County and granted the plaintiff's cross motion to retain venue in Kings County.
ORDERED that the order is affirmed, with costs.
On January 30, 2017, the plaintiff allegedly was injured on a sidewalk in front of premises known as 504 Broadway, New York. The plaintiff allegedly was knocked to the ground after she was struck from behind by employees of Macy's, Inc., Bloomingdales, LLC, and/or Bloomingdales, Inc., who were in pursuit of a suspected shoplifter. The plaintiff commenced this action on or about September 25, 2017, and venue was based upon the residence of the defendant Mirela Gjonbalaj in Kings County at the time of commencement (see CPLR 503[a]). The defendants Macy's, Inc., Bloomingdales, LLC, Bloomingdales, Inc., Michael T. Malcolm, and Mirela Gjonbalaj (hereinafter collectively the defendants) answered the complaint on or about November 1, 2017, served a demand upon the plaintiff on or about November 3, 2017, to change venue to New York County from Kings County (see CPLR 511[a], [b]), and on or about November 9, 2017, moved in the Supreme Court, Kings County, to change venue. The defendants contended that venue was improper in Kings County and, thus, they were entitled to change venue as of right (see CPLR 510[1]) or, alternatively, that a change of venue to New York County was appropriate for the convenience of material witnesses (see CPLR 510[3]). The plaintiff opposed the defendants' motion and cross-moved to retain venue in Kings County. By order dated December 6, 2017, the court denied the defendants' motion and granted the plaintiff's cross motion. The defendants appeal.
A demand to change venue based on the designation of an improper county (see CPLR 510[1]) "shall be served with the answer or before the answer is served" (CPLR 511[a]). Since the defendants did not serve their demand for a change of venue until after they served their [*2]answer, they were not entitled to change venue as of right. Thus, their motion became one addressed to the motion court's discretion (see Brash v Richards, 87 AD3d 556, 557; Accardi v Kaufmann, 82 AD3d 803; Thomas v Guttikonda, 68 AD3d 853, 854).
CPLR 510(3) provides that, upon motion, the court may change venue of an action where "the convenience of material witnesses and the ends of justice will be promoted by the change." A party moving to change venue pursuant to CPLR 510(3) must provide information about the prospective witnesses, including, but not limited to, their names and addresses; disclose the facts about which the proposed witnesses will testify at the trial; represent that the prospective witnesses are willing to testify; and state that the witnesses would be inconvenienced if the venue is not changed (see Schwartz v Walter, 141 AD3d 641; Lapidus v 1050 Tenants Corp., 94 AD3d 950).
Here, the Supreme Court providently exercised its discretion in denying the defendants' motion to change venue from Kings County to New York County and in granting the plaintiff's cross motion. The defendants failed to identify even a single prospective witness who would be inconvenienced by the venue remaining in Kings County. The defendants argued that the convenience of the parties warranted changing the venue to New York County, since there were purportedly "no known Kings County witnesses or connections to this case." This assertion, however, is not supported by record. While the defendants did submit a short, conclusory affidavit from Gjonbalaj indicating that she resided in Queens County on both the date of the incident and the date the action was commenced, the plaintiff submitted Gjonbalaj's Department of Motor Vehicles (hereinafter DMV) records and the police report prepared in connection with the shoplifting incident, each of which indicate that Gjonbalaj resided in Kings County. Since Gjonbalaj was obligated to notify the DMV in writing of any change of residence within 10 days of such change occurring and to make a notation of such change of residence on her license (see Vehicle and Traffic Law § 505[5]), the defendants' contention that the plaintiff improperly relied upon these records and the police report in determining Gjonbalaj's residence is unavailing (see Chehab v Roitman, 120 AD3d 736; Canelas v Flores, 112 AD3d 871). Since the defendants failed to meet their burden pursuant to CPLR 510(3), we agree with the court's determination denying their motion to change venue and granting the plaintiff's cross motion to retain venue in Kings County (see Fitzsimons v Brennan, 128 AD3d 634; Biaggi & Biaggi v 175 Med. Vision Props., LLC, 70 AD3d 880).
The submission of additional documentary evidence for the first time in reply was improper (see Ramos v Cooper Tire & Rubber Co., 51 AD3d 896).
DILLON, J.P., LEVENTHAL, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court