Saint-Louis v Esposito (2019 NY Slip Op 02575)





Saint-Louis v Esposito


2019 NY Slip Op 02575


Decided on April 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2018-03122
 (Index No. 503907/17)

[*1]Mario Saint-Louis, respondent, 
v
Thomas J. Esposito, appellant.


Brand Glick & Brand, P.C., Garden City, NY (Kenneth Finkelstein of counsel), for appellant.
William Schwitzer & Associates, P.C., New York, NY (Frank Pumarejo-Martin of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Debra Silber, J.), dated February 8, 2018. The order, insofar as appealed from, denied the defendant's motion pursuant to CPLR 510(3) and 511(b) to change venue of the action from Kings County to Nassau County.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action in the Supreme Court, Kings County, on or about February 27, 2017, alleging that he was injured when the school bus he was driving was struck in the rear by an automobile driven by the defendant. Venue was based upon the plaintiff's residence in Kings County. The defendant interposed an answer to the complaint on April 10, 2017. Thereafter, on October 11, 2017, the defendant moved pursuant to CPLR 510(3) and 511(b) to change venue of the action to Nassau County. The defendant alleged that a change of venue was necessary because he discovered that at the time of commencement of the action, the plaintiff resided in Nassau County, rather than Kings County. He further alleged that a change of venue was necessary to promote the convenience of prospective witnesses. The Supreme Court denied the defendant's motion as untimely. The defendant appeals.
That branch of the defendant's motion which was pursuant to CPLR 511(b) to change venue based on the designation of an improper county was untimely. A demand to change venue based on the designation of an improper county (see CPLR 503[a]; 510[1]) must be "served with the answer or before the answer is served" (CPLR 511[a]). Since the defendant moved for a change of venue after he answered the complaint, he was not entitled to change venue as of right (see Forbes v Rubinovich, 94 AD3d 809, 809; Brash v Richards, 87 AD3d 556, 557; Accardi v Kaufmann, 82 AD3d 803, 803; Thomas v Guttikonda, 68 AD3d 853, 854). Thus, his "motion became one addressed to the court's discretion" (Forbes v Rubinovich, 94 AD3d at 809; see Brash v Richards, 87 AD3d at 557; Accardi v Kaufmann, 82 AD3d at 803; Thomas v Guttikonda, 68 AD3d at 854). The Supreme Court providently exercised its discretion in denying that branch of the motion since the defendant failed to demonstrate that he moved promptly for a change of venue even after ascertaining the plaintiff's alleged true residence, as he did not set forth with any specificity when [*2]he received such information, and how much time transpired before he made his motion (see Baez v Marcus, 58 AD3d 585, 586; Obas v Grappell, 43 AD3d 431, 432).
Moreover, the defendant failed to submit sufficient evidence of the criteria necessary to demonstrate entitlement to a change of venue pursuant to CPLR 510(3) (see Gorodetsky v Bridgewater Wholesalers, Inc., 161 AD3d 722, 723-724; Ambroise v United Parcel Serv. of Am., Inc., 143 AD3d 927, 928). "A party moving for a change of venue pursuant to CPLR 510(3) has the burden of demonstrating that the convenience of material witnesses and the ends of justice will be promoted by the change" (Gorodetsky v Bridgewater Wholesalers, Inc., 161 AD3d at 723; see CPLR 510[3]; Ambroise v United Parcel Serv. of Am., Inc., 143 AD3d at 928). In doing so, the moving party must set forth (1) the names, addresses, and occupations of the prospective witnesses; (2) the facts to which the witnesses will testify at trial, so that the court may judge whether the proposed evidence is necessary and material; (3) a statement that the witnesses are willing to testify; and (4) a statement that the witnesses would be greatly inconvenienced if the venue of the action was not changed (see Gorodetsky v Bridgewater Wholesalers, Inc., 161 AD3d at 723; Ambroise v United Parcel Serv. of Am., Inc., 143 AD3d at 928). Here, the defendant failed to sufficiently demonstrate that the potential witnesses would be inconvenienced if venue was not changed from Kings County to Nassau County (see Gorodetsky v Bridgewater Wholesalers, Inc., 161 AD3d at 723-724; Ambroise v United Parcel Serv. of Am., Inc., 143 AD3d at 928).
Accordingly, the defendant failed to demonstrate that the Supreme Court improvidently exercised its discretion in denying his motion to change venue.
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court