Pujals v Haitidis (2025 NY Slip Op 03213)

Pujals v Haitidis

2025 NY Slip Op 03213

Decided on May 28, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 28, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
PHILLIP HOM, JJ.

2023-08480
 (Index No. 517815/22)

[*1]Delia Pujals, respondent, 
v
Zefeirios Haitidis, et al., appellants.

Baxter & Smith, P.C., Hicksville, NY (Patrick H. Thompson of counsel), for appellants.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated May 17, 2023. The order denied the defendants' motion pursuant to CPLR 510 to change the venue of the action from Kings County to Suffolk County.
ORDERED that the order is reversed, on the law and in the exercise of discretion, with costs, the defendants' motion pursuant to CPLR 510 to change the venue of the action from Kings County to Suffolk County is granted, and the Clerk of the Supreme Court, Kings County, is directed to deliver to the Clerk of the Supreme Court, Suffolk County, all papers filed in this action and certified copies of all minutes and entries (see id. § 511[d]).
In June 2022, the plaintiff commenced this action to recover damages for personal injuries, alleging that she was a passenger in a vehicle that was struck on the Brooklyn Bridge by a vehicle driven by the defendant Zafeirios Haitidis (hereinafter the defendant driver) and owned by his employer, the defendant National Herald, Inc. The summons indicated that the location of the accident was the basis for placing venue in Kings County. The complaint alleged that the accident occurred in Kings County on the "Brooklyn Side" of the Brooklyn Bridge.
On August 25, 2022, in conjunction with their answer, the defendants served a demand to change of venue on the ground of improper venue, seeking to change venue of the action from Kings County to Suffolk County. Thereafter, on September 15, 2022, the defendants moved pursuant to CPLR 510 to change the venue of the action from Kings County to Suffolk County, contending that Kings County was an improper venue because none of the parties resided in Kings County and the accident did not occur there. In support of the motion, the defendants submitted a sworn affidavit from the defendant driver and photographs of the scene of the accident demonstrating that the accident occurred in New York County, not Kings County, and that none of the parties resided in Kings County. In opposition, the plaintiff conceded that the accident occurred in New York County and did not dispute the fact that no party resided in Kings County.
In an order dated May 17, 2023, the Supreme Court denied the defendants' motion pursuant to CPLR 510 to change the venue of the action from Kings County to Suffolk County. The [*2]defendants appeal.
CPLR 510 sets forth grounds on which a motion to change venue may be made. When a defendant moves to change venue on the ground that the venue selected by the plaintiff is not proper (see id. § 510[1]), the defendant must serve a timely demand on the plaintiff prior to making the motion (see id. § 511[a], [b]; Allen v Morningside Acquisition I, LLC, 205 AD3d 861, 863). When a motion to change venue on this ground is untimely, the motion is addressed to the court's discretion rather than based on right (see Demirovic v Performance Food Group, Inc., 170 AD3d 656, 657; Horowicz v RSD Transp., 249 AD2d 511, 511). Here, the defendants acknowledge that, after serving a demand to change venue with their answer, they moved to change the venue of the action six days late. Thus, their motion "became one addressed to the court's discretion" (Callanan Indus. v Sovereign Constr. Co., 44 AD2d 292, 295; see Obas v Grappell, 43 AD3d 431, 432; Horowicz v RSD Transp., 249 AD2d at 511).
Under the circumstances present here, the Supreme Court improvidently exercised its discretion in denying the defendants' motion pursuant to CPLR 510 to change the venue of the action from Kings County to Suffolk County. Venue is proper "in the county in which one of the parties resided when [the action] was commenced; [or] the county in which a substantial part of the events or omissions giving rise to the claim occurred " (id. § 503[a]). Here, there is no dispute that none of the parties resided in Kings County and that the accident did not occur in Kings County. By selecting an improper venue in the first instance, the plaintiff forfeited the right to choose venue (see Nunez v Yonkers Racing Corp., 153 AD3d 1355, 1356; Ruiz v Lazala, 26 AD3d 366, 367; see also IME Watchdog, Inc. v Baker, McEvoy, Morrissey & Moskovits, P.C., 145 AD3d 464, 465). Further, the plaintiff failed to show that the county specified by the defendants was improper and did not cross-move to retain venue in Kings County or to transfer venue to a county other than that urged by the defendants (see Nunez v Yonkers Racing Corp., 153 AD3d at 1356; Fisher v Finnegan-Curtis, 8 AD3d 527, 528). Moreover, although the defendants' motion was untimely, they promptly moved to change the venue of the action after confirming the true location of the accident (see Brash v Richards, 87 AD3d 556, 557; Obas v Grappell, 43 AD3d at 432; Neu v St. John's Episcopal Hosp., 27 AD3d 538, 539).
Accordingly, the Supreme Court should have granted the defendants' motion pursuant to CPLR 510 to change the venue of the action from Kings County to Suffolk County.
DUFFY, J.P., MILLER, DOWLING and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court