■ BETTY LAMANTIA, Respondent, v NORTH SHORE UNIVERSITY HOSPITAL, Doing Business as NORTH SHORE COMMUNITY SERVICES, INC., Appellant. [686 NYS2d 416] —Order, Supreme Court, Bronx County (George Friedman, J.), entered December 22, 1997, which, *inter alia*, denied the motion of defendant-appellant to change venue from Bronx County to Nassau County, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, and the motion granted.

As a general matter, strict compliance with the time requirements set forth in CPLR 511 (a) and (b) is required when defendants allege that venue was improperly placed (*see, Pittman v Maher*, 202 AD2d 172; *Rosenthal v Bologna*, 211 AD2d 436). Nevertheless, noncompliance should be excused where it was caused by "plaintiff's willful omissions and misleading statements" so long as defendant moves promptly after ascertaining plaintiff's residence (*Philogene v Fuller Auto Leasing*, 167 AD2d 178, 179). Here, in light of the repeated erroneous assertion in papers submitted by plaintiff that she resided in Bronx County, and defendant's prompt motion seeking a change in venue upon learning that her residence was actually in Westchester County, we find that defendant's motion was timely made. Upon consideration of that motion, which seeks transfer of venue to Nassau County, where the cause of action accrued, we find that it should be granted. Concur—Ellerin, P. J., Sullivan, Williams and Wallach, JJ.