(January 19, 2006)

■ Lance Collins et al., Respondents, v Glenwood Management Corp. et al., Appellants. [810 NYS2d 17]—

Order, Supreme Court, Bronx County (Yvonne Gonzalez, J.), entered January 28, 2005, which denied defendants' motion to change the venue of this action from Bronx County to Orange County, unanimously reversed, on the law, without costs, the disposition of the motion vacated, and the matter remanded for a hearing to resolve the factual issues raised in the motion.

Plaintiff Lance Collins was injured while working on a construction site in Manhattan on September 3, 2003. This action was commenced in Bronx County on September 4, 2004. Plaintiffs based venue upon their residence, which they alleged was 1656 Hunt Avenue in the Bronx.

Issue was joined by service of defendants' answer on October 28, 2004. Thereafter, on November 17, 2004, defendants filed a demand to change venue to Orange County, alleging that plaintiffs' residence was actually in Orange County. In response to this demand, Mr. Collins submitted an affidavit stating that his primary residence was in the Bronx, where he has lived since 1998. He also stated that he maintains a second residence in Orange County.

On December 3, 2004, defendants moved pursuant to CPLR 510 to change venue to Orange County on the ground that the injured plaintiff did not reside in the Bronx when the action was commenced. In support of the motion, defendants submitted an affidavit from the owner of the two-family building located at 1656 Hunt Avenue in the Bronx, who stated that Mr. Collins did not reside in the building in September 2004 and was not a tenant in the building. Defendants also submitted the injured plaintiff's Department of Motor Vehicles (DMV) driving abstract record, showing his residence as 330 Ruth Court in Middletown (Orange County). DMV records also showed the Orange County address for the injured plaintiff's vehicle title and registration. Defendants requested the court to change the venue to Orange County or, in the alternative, to hold a hearing on the issue of actual residence.

Plaintiffs opposed defendants' application and cross-moved to retain venue in Bronx County, arguing that defendants' motion was untimely because their demand was not filed with their answer as required by CPLR 511. They also submitted copies of

federal income tax returns for 2002 and 2003, filed on February 13, 2003 and January 23, 2004, both reflecting the address of Mr. Collins as 1656 Hunt Avenue in the Bronx.

The injured plaintiff's supporting affidavit claimed that he lived at the Bronx address from Monday through Friday, because it allowed him to work in New York City as a construction worker and he spent Saturday and Sunday at the Orange County address. His wife submitted an affidavit to the same effect.

Additionally, plaintiffs submitted an affidavit from the injured plaintiff's sister-in-law, who was the tenant in apartment 2 at 1656 Hunt Avenue. She stated that Mr. Collins resided with her Monday through Friday, that he kept valuables and furniture in the apartment, and that he received mail there.

The IAS court denied defendants' motion, holding that it was untimely, and finding that no willful omissions or misleading statements were made that would permit it to exercise its discretion to entertain the motion.

Generally, "strict compliance with the time requirements set forth in CPLR 511 (a) and (b) is required when defendants allege that venue was improperly placed" (*LaMantia v North Shore Univ. Hosp.*, 259 AD2d 294 [1999]). However, "noncompliance should be excused where it was caused by 'plaintiff's willful omissions and misleading statements' so long as defendant moves promptly after ascertaining plaintiff's residence" (*id.*, quoting *Philogene v Fuller Auto Leasing*, 167 AD2d 178, 179 [1990]).

Here, plaintiffs consistently claimed primary residence in Bronx County. Defendants met their burden of going forward with the demand to change venue by the use of the DMV abstract and affidavit of the owner of the Hunt Avenue building, which are dated November 15 and 17, 2004. The injured plaintiff's affidavit in response to the demand for change of venue was dated November 22, 2004. The motion for change of venue was made promptly thereafter. Under the circumstances, the motion was timely made.

With respect to the merits of the motion, this is not a situation where there is a lack of documentary evidence to substantiate the claim of residence. By the same token, plaintiffs' submissions raise additional questions of fact. For example, while Mr. Collins submitted an affidavit from his wife to support his allegations of residence, his filing status on the tax returns submitted list him as "head of household." This filing status applies "if, and only if, such individual is not married at the close of his taxable year" (26 USC § 2 [b] [1]). The affidavit of

Mrs. Collins, sworn to December 15, 2004, states she was married to the injured plaintiff in 1998 and is his "lawfully wedded spouse." She also claims that she has property at the Bronx address but does not indicate that she has ever stayed there. Of further note is the fact that the professional preparer of the tax returns lists an Orange County address. The affidavits submitted in support of the claim of residence in the Bronx are from family members who directly contradict the affidavit of the owner of the building.

"Where resolution of such a factual issue ultimately depends on evaluating the credibility of the affiants, a hearing should be held to resolve any inconsistencies" (*Rivera v Jensen*, 307 AD2d 229, 230 [2003]).

In short, the matter must be remanded for a hearing to determine the foregoing issues. Concur—Friedman, J.P., Sullivan, Nardelli, Williams and Sweeny, JJ.