■ CLARA DOE, Appellant, v MICHAEL HALL, Respondent. [830 NYS2d 178]—

In an action to recover damages for medical malpractice and lack of informed consent, the plaintiff appeals from an order of the Supreme Court, Queens County (Kelly, J.), dated January 18, 2006, which granted the defendant's motion to change venue from Queens County to Nassau County.

Ordered that the order is affirmed, with costs.

The defendant's motion to change venue from Queens County, where none of the parties resided at the time of commencement of the action, to Nassau County, where the defendant resided, was properly granted. The defendant demonstrated through the plaintiff's deposition testimony that the plaintiff had moved from Queens County to the state of Florida prior to the commencement of this action with the intent of residing in Florida with some degree of permanency (*see Neu v St. John's Episcopal Hosp.*, 27 AD3d 538, 539 [2006]; *Ellis v Wirshba*, 18 AD3d 805 [2005]; *Furth v ELRAC, Inc.*, 11 AD3d 509, 510 [2004]). In opposition to the defendant's motion, the plaintiff failed to present any documentary evidence that she resided in Queens County at the time of the commencement of this action with the bona fide intent of retaining Queens County as a residence

for some length of time and with some degree of permanency (*see Neu v St. John's Episcopal Hosp., supra; Jones-Ledbetter v Biltmore Auto Sales,* 229 AD2d 518, 519 [1996]; *Mandelbaum v Mandelbaum,* 151 AD2d 727 [1989]). Furthermore, the affidavit of the plaintiff's son, which stated that at the commencement of this action the plaintiff maintained a residence at her son's apartment in Queens County and would "reside" there when she came back to Queens County during holidays and at other times, was insufficient to establish that the plaintiff resided in Queens County at the time the action was commenced (*see Furth v ELRAC, Inc., supra; Harley v Miller,* 295 AD2d 401 [2002]; *Maggio v Wal-Mart Stores,* 275 AD2d 350 [2000]; *Katz v Siroty,* 62 AD2d 1011, 1012 [1978]). Moreover, the defendant's motion was timely, as it was made promptly after the defendant ascertained that the plaintiff resided in Florida (*see Neu v St. John's Episcopal Hosp., supra; Supino v PV Holding Corp.,* 291 AD2d 489 [2002]; *Runcie v Cross County Shopping Mall,* 268 AD2d 577 [2000]). Schmidt, J.P., Rivera, Skelos and Lunn, JJ., concur.