■ PETER HANSEN, Respondent, v GEHL COMPANY et al., Appellants. [839 NYS2d 271]—

Mercure, J.P. Appeal from an order of the Supreme Court (Ceresia, Jr., J.), entered June 19, 2006 in Rensselaer County, which denied defendants' motion for a change of venue.

Plaintiff commenced this personal injury action in April 2004, placing venue in Rensselaer County on the basis of his residence as expressly stated in the complaint. In an examination before trial on February 15, 2006, however, plaintiff stated that he was, in fact, a resident of Washington County. On March 28, 2006, defendant Gehl Company moved pursuant to CPLR 511 (b) for a change of venue to Washington County. Defendant Salem Farm Supply, Inc. subsequently joined in Gehl's motion. Supreme Court denied the motion and defendants now appeal.

It is undisputed that plaintiff's mailing address, as indicated on his summons, is 582 Gifford Road in Johnsonville, that Johnsonville is located in Rensselaer County, and that a portion of the farm on which plaintiff resides is in Rensselaer County. Defendants take issue with plaintiff's failure to disclose that the part of his property on which his house is located is actually in Washington County. Indeed, in his examination before trial, plaintiff stated that he voted in Washington County and considered himself a resident of such county.

Pursuant to CPLR 503 (a), "the place of trial shall be in the county in which one of the parties resided when [the action] was commenced." A motion for a change of venue as of right must be made according to the procedure set forth in CPLR 511, which defendants admit they did not follow. Instead, they rely on the exception to the statutory time requirements that applies when "a plaintiff's *willful* omissions and misleading statements regarding his [or her] residence are the cause of [the defendant's] noncompliance and the defendant moves promptly after ascertaining the true state of affairs" (*Philogene v Fuller Auto Leasing*, 167 AD2d 178, 179 [1990] [emphasis added]). Here, however, we discern no evidence that plaintiff willfully

omitted information or made any misleading statements. He accurately reported the address of his residence on the summons (*compare LaMantia v North Shore Univ. Hosp.*, 259 AD2d 294, 294 [1999]), and we do not find his failure to disclose to defendants that part of his property was located in Washington County to be intentional or misleading (*see Joyner-Pack v Sykes*, 30 AD3d 469 [2006]; *compare Koschak v Gates Constr. Corp.*, 225 AD2d 315, 316 [1996]; *Martinez v Semicevic*, 178 AD2d 228, 229 [1991]). Thus, even assuming without deciding that plaintiff is a resident of Washington County, Supreme Court did not err in denying the motion.

Carpinello, Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, with costs.