■ ORLANDO HERNANDEZ, Appellant, v VINCENZO SEMINATORE et al., Respondents. [851 NYS2d 172]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered January 8, 2007, which, in an action for personal injuries sustained in an automobile accident, granted defendants' motion to change venue from Bronx County to Nassau County, unanimously affirmed, without costs.

The police accident report, which shows an Ulster County residence for plaintiff, and admittedly reflects the driver's license that plaintiff showed to Nassau County police at the scene of the accident, sufficed to sustain defendants' initial burden on the motion to show that the Bronx County venue chosen by plaintiff is improper (CPLR 503 [a]; 510 [1]; *see Key-Kanuteh v Kenia*, 288 AD2d 16 [1st Dept 2001]; *Ruiz v Lazala*, 26 AD3d 366, 367 [2d Dept 2006]). Plaintiff's assertion that he used his brother's Kingston address on his driver's license because the itinerant nature of his employment as a tour bus driver kept him moving around, and he wanted a steady address to ensure uninterrupted receipt of mail, fails to raise an issue of fact, at least in the absence of any probative documentary evidence showing a Bronx residence when the action was commenced (*see Furlow v Braeubrun*, 259 AD2d 417 [1999]). The copy of the first page of a standard form apartment lease, listing a Bronx County address for a one-year term commencing some seven months before commencement of the action, is unsigned. The other documentary materials submitted by plaintiff—a commercial driver's license, income tax returns, and E-Z Pass statements—purporting to show a Bronx residence prior to that shown in the lease, all predate commencement of the action by significant periods of time. Given that plaintiff does not contest receipt of defendants' CPLR 511 (b) demand, or argue that defendants did not follow proper procedure as affirmed by their attorney, it does not avail plaintiff that defendants' CPLR 511 (b) demand was not annexed to their motion. We have considered plaintiff's other arguments and find them unavailing. Concur—Mazzarelli, J.P., Saxe, Friedman, Catterson and Acosta, JJ.