■ Chaya Weiss, Respondent, v Wal-Mart Stores East, L.P., Appellant. [919 NYS2d 848]—

Order, Supreme Court, New York County (Paul Wooten, J.), entered August 18, 2010, which, in an action for personal injuries, denied defendant's motion to change venue from New York County to Suffolk County, unanimously reversed, on the law, without costs, and the motion granted.

Defendant met its initial burden of establishing that the venue chosen by plaintiff was improper (*see Hernandez v Seminatore*, 48 AD3d 260 [2008]; CPLR 510 [1]). Defendant submitted proof indicating that plaintiff's claimed residence in New York County was an office building, not an apartment building. Defendant also submitted motor vehicle records showing that plaintiff resided in Orange County at all relevant times (*see Collins v Glenwood Mgt. Corp.*, 25 AD3d 447, 448 [2006]). Plaintiff's conclusory affidavit attesting to her New York County residence was insufficient to rebut defendant's proof (*see Furlow v Braeubrun*, 259 AD2d 417 [1999]). Furthermore, since plaintiff

forfeited the right to select the venue by choosing an improper venue in the first instance (*see Roman v Brereton*, 182 AD2d 556 [1992]), venue is properly placed in Suffolk County, defendant's designated residence for venue purposes. Concur—Tom, J.P., Saxe, DeGrasse, Freedman and Abdus-Salaam, JJ.