■ KATHERINE T. CHRISTOMANOS, Appellant, v DANWATIE VICK, Respondent. [942 NYS2d 870]—

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered February 17, 2011, which, in an action for personal injuries arising out of a motor vehicle accident, granted defendant's motion to change venue from Bronx County to Westchester County, unanimously affirmed, without costs.

Defendant showed that the venue chosen by plaintiff was improper since none of the parties resided in Bronx County when the action was commenced (see *Hernandez v Seminatore*, 48 AD3d 260 [2008]; CPLR 503 [a]; 510 [1]). Defendant submitted, inter alia, the records of the Department of Motor Vehicles showing that she resided in Westchester County when the action was commenced and her affidavit stating that she exclusively lived in Westchester County at that time (see *Weiss v Wal-Mart Stores E., L.P.*, 83 AD3d 461 [2011]).

In opposition, plaintiff failed to raise an issue of fact as to whether defendant resided in Bronx County when the action was commenced. Plaintiff submitted the police accident report, listing defendant's address before she moved; an affidavit

identifying defendant's former husband as the person on whom process was served; and records of defendant's voter registration in 2000, none of which is probative of defendant's residence when the action was commenced (*see e.g. Hernandez* at 260).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Saxe, J.P., Sweeny, Moskowitz, Freedman and Manzanet-Daniels, JJ.