■ ARON GRUENWALD et al., Respondents, v ARON POLATSECK et al., Appellants. [980 NYS2d 810]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County (Rothenberg, J.), dated May 16, 2013, which denied their motion to transfer venue of the action from Kings County to Rockland County.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the Clerk of the Supreme Court, Kings County, is directed to deliver to the Clerk of the Supreme Court, Rockland County, all papers filed in the action and certified copies of all minutes and entries (*see* CPLR 511 [d]).

The plaintiff Aron Gruenwald (hereinafter the injured plaintiff) allegedly was injured when he was struck by a motor vehicle while crossing an intersection in Rockland County. The plaintiffs commenced this action against the owners and operator of the vehicle, placing venue in Kings County based upon their purported residence in that county.

The defendants served a timely demand for a change of venue pursuant to CPLR 511 (b) and, within 15 days thereafter, made a motion to transfer venue to a proper venue pursuant to CPLR 503 (a), 510 and 511, alleging that the plaintiffs did not reside in Kings County at the time of the commencement of this action, and that none of the other parties resided in Kings County. In support of their motion, the defendants submitted evidence, including the plaintiffs' driving records, various hospital records, a United States Postal Service confirmation, and ledger entries from the Rockland Kosher Market demonstrating purchases by the injured plaintiff at his residence in Rockland County immediately prior to and just after the date of the com-

mencement of the action, which established, prima facie, that the plaintiffs resided in Rockland County (*see Forbes v Rubinovich,* 94 AD3d 809 [2012]).

In opposition, the injured plaintiff claimed that after his release from the hospital he moved into his parents' apartment in Kings County, where he continued to reside at the time of the commencement of this action until the present, while his wife and child remained in their residence in Rockland County. The evidence submitted by the plaintiffs, however, was insufficient to rebut the defendants' showing that the injured plaintiff resided in Rockland County at the time of the commencement of the action (*see Morreale v 105 Page Homeowners Assn., Inc.,* 64 AD3d 689 [2009]; *Ingenito v Wantagh Racket Sports, Inc.,* 47 AD3d 887, 888 [2008]). For venue purposes, a residence is a place where a party stays for some time with the bona fide intent to retain the place as a residence for some length of time and with some degree of permanency (*see Ellis v Wirshba,* 18 AD3d 805 [2005]; *Furth v ELRAC, Inc.,* 11 AD3d 509, 510 [2004]; *Mandelbaum v Mandelbaum,* 151 AD2d 727, 728 [1989]). The plaintiffs failed to adequately support their assertion that the injured plaintiff maintained a second residence at his parents' home (*see Morreale v 105 Page Homeowners Assn., Inc.,* 64 AD3d at 690; *Doe v Hall,* 36 AD3d 651, 651-652 [2007]; *Neu v St. John's Episcopal Hosp.,* 27 AD3d 538, 539 [2006]). The affidavits of the plaintiffs and the injured plaintiff's mother were insufficient to overcome the defendants' showing that the injured plaintiff did not reside in Kings County at the time the action was commenced (*see Doe v Hall,* 36 AD3d at 652). Furthermore, a letter addressed to the injured plaintiff at his parents' residence, which was dated after the commencement of the action, was insufficient to show that the injured plaintiff resided in Kings County at the time of the commencement of the action (*see Forbes v Rubinovich,* 94 AD3d at 810; *Labissiere v Roland,* 231 AD2d 687 [1996]).

Accordingly, the defendants' motion to change venue from Kings County to Rockland County should have been granted. Rivera, J.P., Hall, Roman and Cohen, JJ., concur.