In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Strauss, J.), dated October 2, 2012, which granted the defendants’ motion to transfer venue of the action from Queens County to Rockland County, and directed the Clerk of the Supreme Court, Queens County, to transfer the file in the action to the Clerk of the Supreme Court, Rockland County.
Ordered that the order is reversed, on the law, with costs, the defendants’ motion to transfer venue of the action from Queens County to Rockland County is denied, and the Clerk of the Supreme Court, Rockland County, is directed to deliver to the Clerk of the Supreme Court, Queens County, all papers filed in the action and certified copies of all minutes and entries (see CPLR 511 [d]).
In support of their motion to change the venue of the action from Queens County to Rockland County as of right, the defendants submitted evidence which established, prima facie, that all of the parties resided in Rockland County (see Gruenwald v Polatseck, 114 AD3d 904 [2014]).
In opposition, the plaintiff contended that he maintained an additional residence in Queens County at the time the action was commenced (see CPLR 503 [a]). For venue purposes, a residence is where a party stays for some time with a “bona fide intent to retain the place as a residence for some length of time and with some degree of permanency” (Samuel v Green, 276 AD2d 687, 687 [2000]; see Neu v St. John’s Episcopal Hosp., 27 AD3d 538, 538-539 [2006]; Ellis v Wirshba, 18 AD3d 805 [2005]; Furth v ELRAC, Inc., 11 AD3d 509, 510 [2004]). In support of his contention, the plaintiff submitted a copy of a three-year lease for a cooperative apartment in Queens. The lease recited that the apartment was to be occupied by the plaintiff, and was dated two years prior to the commencement of the action. The *913 plaintiff also submitted a copy of a New York State tax bill, which listed the apartment in Queens as his address, and which was dated prior to the commencement of the action, and a maintenance invoice for the apartment in Queens, a bank account statement, and a union membership card, all of which listed the apartment in Queens as his address, and all of which were dated after the commencement of the action. These documents were sufficient to establish that, at the time of the commencement of the action, the plaintiff had a bona fide intent to retain an additional residence in Queens with some degree of permanency (see Ellis v Wirshba, 18 AD3d 805 [2005]; Schaefer v Schwartz, 226 AD2d 619, 620 [1996]; Martinez v Hudson Armored Car & Courier, 201 AD2d 359 [1994]; cf. Maggio v Wal-Mart Stores, 275 AD2d 350, 351 [2000]; Martinez v Semicevic, 178 AD2d 228 [1991]). Accordingly, the defendants’ motion for a change of venue as of right should have been denied.
Skelos, J.P., Leventhal, Cohen and LaSalle, JJ., concur.