◼ STACY GALETTE, Respondent, v PAUL BYRNE et al., Appellants, et al., Defendants. [996 NYS2d 151]—

In an action, inter alia, to recover damages for medical malpractice, the defendants Paul Byrne, Paul R. Byrne, M.D., P.C.,

Frederic Moon, and Cynthia Fretwell appeal, and the defendants Michelle Quinones, Craig Zebuda, Women's Contemporary Care Associates, P.C., and Winthrop University Hospital separately appeal, from an order of the Supreme Court, Kings County (Steinhardt, J.), dated November 15, 2012, which, among other things, granted the plaintiff's motion to confirm a referee's report (Kurtz, Ct. Atty Ref.) dated September 12, 2012, finding that the plaintiff had established that she resided in Kings County at the time of the commencement of the action and, therefore, venue in Kings County was proper, and denied the defendants' cross motions to reject the referee's report.

Ordered that the order is affirmed, with one bill of costs.

The plaintiff selected Kings County as the venue of this action, inter alia, to recover damages for medical malpractice based on her purported residence in Brooklyn (see CPLR 503 [a]). The appellants separately moved to change venue and, upon the plaintiff's opposition, the Supreme Court referred the issue to a referee. After a hearing, the referee reported that the plaintiff had established that she resided in Kings County at the time of the commencement of the action and, therefore, venue in Kings County was proper. The plaintiff thereafter moved to confirm the referee's report and the appellants separately cross-moved to reject the referee's report. The Supreme Court granted the plaintiff's motion and denied the appellants' separate cross motions.

"The resolution of credibility issues by the hearing court is entitled to deference on appeal, and will be upheld if supported by the evidence in the record" (Chusid v Silvera, 110 AD3d 659, 659 [2013]). Here, at the hearing before the referee, the plaintiff presented documentary evidence of her residence in Kings County, including a driver license, voter registration documents, and a bank statement identifying her address in Brooklyn at the time the action was commenced. The plaintiff also submitted a rent receipt book in which the plaintiff's monthly rent payments to her aunt, with whom she resided in Brooklyn, were recorded during the relevant time period. Moreover, the plaintiff, her aunt, and her mother each testified that the plaintiff permanently resided in Brooklyn at the time the action was commenced. This evidence was sufficient to support the referee's conclusion that the plaintiff's residence was in Kings County at the time the action was commenced (see CPLR 503 [a]; Kelly v Karsenty, 117 AD3d 912 [2014]; Dobbs v Dobbs, 186 AD2d 455 [1992]). Accordingly, the Supreme Court properly granted the plaintiff's motion to confirm the referee's report and denied the appellants' separate cross motions to reject the

report (*see* CPLR 503 [a]). Balkin, J.P., Leventhal, Hinds-Radix and LaSalle, JJ., concur.