■ Robert Washington, Appellant, v Idrisa Sow et al., Respondents. [9 NYS3d 180]—

Order, Supreme Court, Bronx County (Mary Ann Brigantti-Hughes, J.), entered January 24, 2014, which granted defendants' motion to change venue from Bronx County to New York County, unanimously reversed, on the law, without costs, and the motion denied, without prejudice to renewal following discovery.

In this action for personal injuries sustained in a motor vehicle accident that occurred in Bronx County, plaintiff designated venue in Bronx County based on his residence there. Defendants met their initial burden of showing that the venue chosen by plaintiff was improper by submitting the police accident report showing that plaintiff presented a Virginia driver's license at the time of the accident (*see Hernandez v Seminatore*, 48 AD3d 260 [1st Dept 2008]).

In opposition, plaintiff averred that he had been residing in Bronx County from the time of the accident through commencement of the action a year later, and to the present. He submit-

ted documentary evidence, including a two-year renewal lease for a Bronx apartment and a utility bill addressed to him and his cotenant, the woman who owned the New York-registered car plaintiff was driving at the time of the accident. The lease, which described plaintiff as a tenant and was fully executed by him, his cotenant, and the owner about nine months before the action was commenced, was probative documentary evidence of plaintiff's residence in Bronx County at the time the action was commenced (*see Kelly v Karsenty*, 117 AD3d 912 [2d Dept 2014]). However, under the circumstances presented, defendants may renew the motion following discovery, should further evidence contradicting plaintiff's showing of residence in Bronx County be revealed (*see e.g. Hill v Delta Intl. Mach. Corp.*, 16 AD3d 285 [1st Dept 2005]). Concur—Tom, J.P., Sweeny, Renwick and Andrias, JJ.