(June 14, 2016)

■ CRAIG CROVATO, Respondent, v H&M HENNES & MAURITZ, L.P., et al., Appellants, et al., Defendants. (And Third-Party Actions.) [33 NYS3d 66]—

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered September 16, 2015, which, in an action for personal injuries, denied defendants-appellants' motion to change venue from Bronx County to Westchester County and granted plaintiff's cross motion to retain venue in Bronx County, unanimously reversed, on the law, without costs, and the matter remanded for a hearing to resolve the factual issues raised in the motions.

The denial of defendants' motion to change venue from Bronx County to Westchester County without a hearing was an improvident exercise of discretion. Once a movant establishes in a venue motion that the plaintiff's residence was other than that claimed in the complaint, the plaintiff opposing a motion

for a change of venue must "establish through documentary evidence" his claimed residence (*Forbes v Rubinovich*, 94 AD3d 809, 810 [2d Dept 2012]). Here, substantial documentary evidence produced in discovery and submitted by defendants on their motion indicated that on the date of the accident plaintiff resided in Westchester County. These documents include hospital records from the time of plaintiff's accident, the incident report from the day of the accident, plaintiff's employment records, tax records and forms from the Internal Revenue Service, pharmacy records, Department of Motor Vehicle records, and automobile insurance records, all of which indicate that his address is in New Rochelle, Westchester County. In response, plaintiff's assertion that he resides at the Bronx residence that he co-owns with his fiancée, while buttressed by the affidavits of his fiancée and a neighbor, was not supported by *any* objective documentation. The only document plaintiff provided, which he describes as a water bill, is merely an undated commercial solicitation sent to him as a listed homeowner.

Although a person may have more than one residence, for venue purposes, there must be evidence that the plaintiff actually resided at the claimed residence at the time the action was commenced (*see Siegfried v Siegfried*, 92 AD2d 916 [2d Dept 1983]). An ownership interest in property does not alone demonstrate residence at that property.

Unlike the cases on which plaintiff relies (*see e.g. Washington v Sow*, 127 AD3d 492 [1st Dept 2015]; *Kelly v Karsenty*, 117 AD3d 912 [2d Dept 2014]), plaintiff offered no valid objective documentation supporting the assertions that he resides at the Bronx residence. Because his affidavit and those of his fiancée and a neighbor, unlike the type of documents submitted by defendants, are subject to credibility challenges, a hearing should have been ordered to address and resolve that issue of fact (*see Collins v Glenwood Mgt. Corp.*, 25 AD3d 447 [1st Dept 2006]) before ruling on the venue motions. Concur—Tom, J.P., Saxe, Richter, Gische and Webber, JJ.