Campbell v New Way Life, Inc. (2021 NY Slip Op 00411)





Campbell v New Way Life, Inc.


2021 NY Slip Op 00411


Decided on January 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2017-12417
 (Index No. 12907/15)

[*1]Colin Campbell, appellant-respondent,
v
New Way Life, Inc., et al., respondents-appellants.


Bruce S. Reznick, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac], of counsel), for appellant-respondent.
Peknic, Peknic & Schaefer, LLC, Long Beach, NY (Charles M. Peknic of counsel), for respondents-appellants.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals, and the defendants cross-appeal, from an order of the Supreme Court, Kings County (Wavny Toussaint, J.), dated October 13, 2017. The order, insofar as appealed from, after a hearing on the issue of residency for the purpose of determining venue (Miriam P. Sunshine, Ct. Atty. Ref.), granted the defendants' motion to change the venue of the action from Kings County to Nassau County to the extent of changing the venue of the action from Kings County. The order, insofar as cross-appealed from, granted the defendants' motion to change the venue of the action from Kings County to Nassau County only to the extent of changing the venue from Kings County to Queens County.
ORDERED that the order is affirmed insofar as appealed from; and it is further,
ORDERED that the order is reversed insofar as cross appealed from, on the law, the defendants' motion to change the venue of the action from Kings County to Nassau County is granted in its entirety, and the Clerks of the Supreme Court, Queens County, and/or Kings County, are directed to deliver to the Clerk of the Supreme Court, Nassau County, all papers filed in this action and certified copies of all minutes and entries (see CPLR 511[d]); and it is further,
ORDERED that one bill of costs is awarded to the defendants.
On September 15, 2014, the plaintiff allegedly was injured when the vehicle he was operating was struck in the rear by a vehicle owned and operated by the defendants on the Belt Parkway in Queens County. On October 28, 2015, the plaintiff commenced this personal injury action in Kings County against the defendants. The face of the summons indicated that the plaintiff's residence was the basis for placing venue in Kings County. The defendants served with their answer a demand to change the venue of the action from Kings County to Nassau County, contending that the plaintiff resided in Queens County based on the address listed on the police accident report and that none of the parties resided in Kings County (see CPLR 511[b]). In December 2015, the defendants moved pursuant to CPLR 503(a), 510, and 511 to change the venue of the action from Kings County to Nassau County based on the residence of the defendant [*2]corporation. The plaintiff opposed the motion. The matter was referred to a referee to hear and report on the issue of the plaintiff's residency. After a hearing, at which the plaintiff and his mother testified, the referee issued a report recommending that the court find that the plaintiff resided in Kings County at the time the action was commenced and that venue was properly placed in Kings County.
In an order dated October 13, 2017, the Supreme Court rejected the referee's report and granted the defendants' motion to change venue only to the extent of changing the venue of the action from Kings County to Queens County, where the accident occurred. The plaintiff appeals, and the defendants cross-appeal.
The Supreme Court properly rejected the referee's report. Pursuant to CPLR 4403, the Supreme Court has the power to "confirm or reject, in whole or in part . . . the report of a referee" and may "make new findings with or without taking additional testimony" (see Excel Capital Group Corp. v 225 Ross St. Realty, Inc., 165 AD3d 1233, 1237-1238; GMS Batching, Inc. v TADCO Constr. Corp., 120 AD3d 549, 551). "The report of a referee should be confirmed whenever the findings are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of credibility" (Flagstar Bank, F.S.B. v Konig, 153 AD3d 790, 790-791; see JNG Constr., Ltd. v Roussopoulos, 170 AD3d 1136, 1141).
Here, the referee's finding that the plaintiff resided in Kings County at the time the action was commenced was not substantially supported by the record. The unrefuted evidence introduced by the defendants in support of their motion and at the hearing, which included, inter alia, a bargain and sale deed to a house in Queens County dated March 16, 1999, quarterly property tax bills for the Queens property dated before and after the commencement of the action, the plaintiff's residential address listed on the New York State Board of Elections voter registration website, the plaintiff's driver license and vehicle registration, which were displayed at the time of the accident, and the plaintiff's medical records for treatment rendered after the accident established, prima facie, that the plaintiff resided in Queens County and that none of the parties resided in Kings County when the action was commenced (see Gruenwald v Polatseck, 114 AD3d 904; Carobert v Baldor Elec. Co., 102 AD3d 905, 906; Gonzalez v Weiss, 38 AD3d 492, 493; Furth v ELRAC, Inc., 11 AD3d 509). In opposition, and after the residency hearing, the plaintiff failed to establish through documentary evidence that he resided in Kings County with any degree of permanency at the time of commencement of the action (see Forbes v Rubinovich, 94 AD3d 809, 810; Doe v Hall, 36 AD3d 651; Ellis v Wirshba, 18 AD3d 805). The plaintiff failed to adequately support his assertion that he maintained a second residence at his mother's home in Kings County (see Gruenwald v Polatseck, 114 AD3d at 905; Doe v Hall, 36 AD3d at 651-652). The testimony of the plaintiff and his mother was insufficient to overcome the defendants' showing that the plaintiff did not reside in Kings County at the time the action was commenced (see Gruenwald v Polatseck, 114 AD3d at 905; Doe v Hall, 36 AD3d at 652).
By improperly commencing the action in Kings County, the plaintiff forfeited the right to select venue (see Nunez v Yonkers Racing Corp., 153 AD3d 1355, 1356; Fisher v Finnegan-Curtis, 8 AD3d 527, 528; Nixon v Federated Dept. Stores, 170 AD2d 659, 660). Furthermore, the plaintiff did not cross-move to retain venue in Kings County or to change venue to a county other than that urged by the defendants (see Batkhine v New York City Tr. Auth., 118 AD3d 930, 931; Fisher v Finnegan-Curtis, 8 AD3d at 528). Accordingly, the defendants' motion to change the venue of the action from Kings County to Nassau County should have been granted. Moreover, in the absence of a cross motion by the plaintiff, the court was without authority to change the venue of the action from Kings County to Queens County, as such relief was not requested by either party (see CPLR 510[1]; Fisher v Finnegan-Curtis, 8 AD3d at 528; Nixon v Federated Dept. Stores, 170 AD2d at 660).
MASTRO, A.P.J., CHAMBERS, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court