Rogers v One City Block, Inc. (2024 NY Slip Op 06674)

Rogers v One City Block, Inc.

2024 NY Slip Op 06674

Decided on December 31, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 31, 2024

Before: Renwick, P.J., González, Rodriguez, Higgitt, Rosado, JJ. 

Index No. 300023/17 Appeal No. 3349 Case No. 2024-03736 

[*1]Orbrien Rogers, Appellant,
v
One City Block, Inc., et al., Respondents.
One City Block, Inc., et al., Third-Party Plaintiffs-Respondents,
v
Temco Service Industries, Inc., et al., Third-Party Defendants-Respondents.

Popkin & Popkin, LLP, New York (Eric F. Popkin of counsel), for appellant.
Morris Duffy Alonso Faley & Pitcoff, New York (Iryna S. Krauchanka of counsel), for One City Block, Inc., Google, Inc. and Google Delaware, respondents.
Lester Schwab Katz & Dwyer, LLP, New York (Daniel S. Kotler of counsel), for Temco Service Industries, Inc., Atalian US Northeast, Inc., Atalian Northeast, LLC and Atalian Global Services, Inc., respondents.

Order, Supreme Court, Bronx County (Laura G. Douglas, J.), entered on or about February 22, 2024, which, in this action for personal injuries, granted defendants/third-party plaintiffs' motion to change venue from Bronx County to New York County, unanimously affirmed, without costs.
The untimeliness of defendants' motion to change venue is excusable, as plaintiff repeatedly made misleading statements indicating that he resided in Bronx County—namely, in his summons and verified complaint, in his bills of particulars, and his affirmation (see Gordillo v. Champ Hill LLC, 157 AD3d 470 [1st Dept 2018]; Philogene v Fuller Auto Leasing, 167 AD2d 178, 179 [1st Dept 1990]). Moreover, defendants demonstrated that they moved promptly to change venue after ascertaining plaintiff's Manhattan residence (see Algarin v Sackin, 173 AD3d 465, 466 [1st Dept 2019]).
Defendants met their burden of establishing that plaintiff improperly designated Bronx County as the proper venue for this action (see Appleyard v First Prestige Props., Inc., 199 AD3d 402 [1st Dept 2021]). Defendants submitted plaintiff's medical records from nine different providers showing that between 2015 and approximately 2022, he exclusively resided in New York County. Moreover, plaintiff surrendered his license plate to the Department of Motor Vehicles three days before the commencement of the action and listed his address as New York County as well.
In opposition, "[p]laintiff's conclusory affidavit attesting to h[is] [Bronx] County residence was insufficient to rebut defendant's proof" (Weiss v Wal-Mart Stores E., L.P., 83 AD3d 461, 461 [1st Dept 2011]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 31, 2024