| Leszyk v Guthrie Corning Hosp. |
|---|
| 2025 NY Slip Op 31486(U) |
| April 25, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 805340/2024 |
| Judge: John J. Kelley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. JOHN J. KELLEY**                    PART                    56M

*Justice*

-----------------------------------------------------------------------------X

EMILY LESZYK, as Administratrix of the Estate of KIM M. LESZYK, and EMILY LESZYK, Individually,

Plaintiff,

- v -

GUTHRIE CORNING HOSPITAL, GUTHRIE HEALTHCARE SYSTEM, JAMES PERLE, M.D., JOHN OLMSTEAD, M.D., KIMBERLY KAFFENBARGER, M.D., LISA ESOLEN, M.D., LINDSEY HALL, M.D., AMY JONES, RN; BOSCO SSEMANDA, RN, and WATERFRONT OPERATIONS ASSOCIATES, LLC, doing business as ELLICOTT CENTER FOR REHABILITATION AND NURSING,

Defendants.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 805340/2024 |
| MOTION DATE | 02/14/2025 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 18, 19, 20, 21, 22, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46

were read on this motion to/for                    CHANGE VENUE                    .

In this action to recover damages for medical malpractice based on alleged departures from good and accepted practice, nursing home negligence pursuant to Public Health Law §§ 2801-d and 2803-c, common-law negligence, gross negligence, negligent hiring, training, supervision, and retention of health-care personnel, and wrongful death, the defendants Guthrie Corning Hospital, John Olmstead, M.D., Lisa Esolen, M.D., Lindsay Hall, M.D., and Amy Jones, RN (collectively the Corning defendants), move pursuant to CPLR 503, 511(a), and 511(b) to transfer venue of the action from New York County to Steuben County. The plaintiff opposes the motion. The motion is denied.

On November 21, 2024, the plaintiff commenced this action in the Supreme Court, New York County, asserting in her complaint that the basis for the placement of venue in New York County was her own residence in New York County as of that date. Simultaneously with their service of a notice of appearance on December 30, 2024, the Corning defendants served the

**805340/2024  LESZYK, EMILY ET AL vs. GUTHRIE CORNING HOSPITAL ET AL**                    **Page 1 of 6**
**Motion No.  002**

1 of 6

plaintiff with a demand to change venue to Steuben County, alleging therein that New York County was not a proper county in which to prosecute the action because the plaintiff did not actually reside there when she commenced this action but, instead, resided in Steuben County.

On January 14, 2025, the Corning defendants made the instant motion to transfer venue, arguing that all of the defendants resided in Steuben County, all of the material facts underlying the plaintiff's claims on behalf of her decedent arose in Steuben County, where the Corning defendants had provided medical care to the plaintiff's decedent, and that the plaintiff actually resided in Steuben County when she commenced this action. In support of their motion, the Corning defendants submitted a printout of a New York State Department of Motor Vehicles (DMV) abstract identifying the plaintiff's residence on her driver license an address in Corning, New York, which is located in Steuben County, and a printout from the New York State Board of Elections website reporting that, as of May 27, 2024, the plaintiff was still registered to vote in Steuben County.

In opposition to the motion, the plaintiff submitted copies of two written leases in her name. The first lease had a term beginning on May 15, 2023 and terminating on May 14, 2024, pursuant to which the plaintiff rented a residential apartment located at 511 East 83rd Street, Apartment E, New York, New York, 10028, and the second had a term beginning on May 18, 2024 and terminating on May 17, 2025, pursuant to which she rented a residential apartment located at 412 East 83rd Street, Apartment 5D, New York, New York 10028. The plaintiff also submitted a copy of an electrical utility bill, covering the November 2024 billing period, that had been addressed to her at 412 East 83rd Street, Apartment 5D, as well as an internet service provider bill, covering the January 2025 billing period, that also had been addressed to that apartment. In addition, the plaintiff submitted a copy of her federal Form 1040 tax return for tax year 2023, which was filed in 2024, and which identified 511 East 83rd Street, Apartment E, as her permanent residence as of that time. In her own affirmation, the plaintiff asserted that

805340/2024   LESZYK, EMILY ET AL vs. GUTHRIE CORNING HOSPITAL ET AL          Page 2 of 6
Motion No.  002

2 of 6

"[m]y residence in Manhattan began on June 1, 2023, when I moved to 511 East 83rd Street. . . . I resided at 511 East 83rd Street continually until May 18, 2024, when I moved to 412 East 83rd Street. . . . I currently live at 412 East 83rd Street; my lease expires on May 17, 2025. I have resided continually in Manhattan since June 1, 2023 to date. I am currently employed with 'Etsy, Inc.' located at 117 Adams Street, Brooklyn, New York, and I have been employed with Etsy since February 2024."

The plaintiff noted that, when the Surrogate's Court, Chemung County,[1] issued her letters of administration with respect to the decedent's estate on December 15, 2023, the clerk of that court mailed the certificate of letters of administration to her at 511 East 83rd Street, with the address noted on the certificate itself. She also averred that, when she filed the complaint in this matter on November 21, 2024, she was residing in Manhattan at 412 East 83rd Street. As the plaintiff explained it,

"I am aware that defendants submitted, in support of changing venue to Stueben [sic] County, an 'abstract' from DMV and a voter registration document indicating my address is '2763 Goff Road, Corning, New York 14830' . . . . The address of 2763 Goff Road in Corning is the home where I grew up and where my father still resides. Although the DMV Abstract and the voting location reflects my parents' home address in Corning, this is a result of my innocent neglect in notifying the DMV of my change in address. As noted above and supported by the objective documentation submitted in opposition to defendants' motion, I have resided continually in Manhattan since June 1, 2023. Regarding the 2024 'voting poll site location,' I neglected to officially change my address knowing that I could vote through a mail-in Ballot which is precisely what I did when a Ballot was sent to my Manhattan address for the recent election."

CPLR 511(a) requires that a defendant who seeks to transfer the venue of an action on the basis of improper venue must satisfy two requirements. First, under CPLR 511(a), the defendant must serve a demand for change of venue on that ground either prior to or with its answer. If a defendant satisfies this requirement, then, pursuant CPLR 511(b), it may move to transfer venue within 15 days of serving the demand and, if the plaintiff fails to respond to the demand, the defendant may elect to make the motion to transfer venue either in the county in which the action was commenced or the county to which it seeks to transfer venue. In this

---

[1] The plaintiff's decedent resided in Elmira, New York, at the time of her death. Elmira is located in Chemung County.

805340/2024  LESZYK, EMILY ET AL vs. GUTHRIE CORNING HOSPITAL ET AL          Page 3 of 6
Motion No. 002

3 of 6

action, the Corning defendants complied with CPLR 511, in that (1) they served a demand for change of venue on the ground of improper venue prior to serving their answer (*see* CPLR 511[a]), (2) they moved to transfer venue within 15 days after they served the demand (*see* CPLR 511[b]; General Construction Law §§ 20), and (3) despite the plaintiff's failure to respond to the demand, they elected to make the motion returnable before this court, rather than in the Supreme Court, Steuben County, where they also could have made the motion. Hence, this court may properly consider the merits of their motion.

CPLR 503(a) provides, in relevant part, that, "[e]xcept where otherwise prescribed by law, the place of trial shall be in the county in which one of the parties resided when it was commenced; [or] the county in which a substantial part of the events or omissions giving rise to the claim occurred." CPLR 503(b) provides that "[a]n executor, administrator, trustee, committee, conservator, general or testamentary guardian, or receiver shall be deemed a resident of the county of his appointment as well as the county in which he [or she] actually resides." "For venue purposes, a residence is where a party stays for some time with a 'bona fide intent to retain the place as a residence for some length of time and with some degree of permanency'" (*Kelly v Karsenty*, 117 AD3d 912, 912 [2d Dept 2014], quoting *Samuel v Green*, 276 AD2d 687, 687 [2d Dept 2000]). "Although a person may have more than one residence, for venue purposes, there must be evidence that the plaintiff actually resided at the claimed residence at the time the action was commenced" (*Crovato v H&M Hennes & Mauritz, L.P.*, 140 AD3d 490, 491 [1st Dept 2016]). "Once a movant establishes in a venue motion that the plaintiff's residence was other than that claimed in the complaint, the plaintiff opposing a motion for a change of venue must 'establish through documentary evidence' his [or her] claimed residence" (*id.* at 490-491).

The court concludes that, for venue purposes, the plaintiff resides both in Chemung County, which was the county in which she was appointed as administrator of her decedent's estate, and in New York County, since she provided documentary evidence establishing that

**805340/2024  LESZYK, EMILY ET AL vs. GUTHRIE CORNING HOSPITAL ET AL**          **Page 4 of 6**
**Motion No. 002**

New York County was the county of her actual residence as of the date that she commenced this action. Hence, either of those counties is a "proper" county for venue purposes. Although the Corning defendants submitted some evidence that the plaintiff resided in Steuben County prior to the date on which she commenced this action, the documentary evidence that she submitted refuted that evidence (*see Washington v Sow*, 127 AD3d 492, 492-493 [1st Dept 2015] [two-year lease for Bronx County apartment, and utility bill addressed to plaintiff at that apartment, constituted documentary evidence sufficient to establish that plaintiff resided in that county at the time he commenced action; order granting motion to change venue out of Bronx County reversed]; *Kelly v Karsenty*, 117 AD3d at 913 [lease for Queens County apartment, tax bill dated prior to the commencement of the action identifying the address of that apartment as his residence, maintenance invoice addressed to the plaintiff at that address, and bank account statement and union membership card identifying the Queens County address as the plaintiff's residence constituted documentary evidence sufficient to establish that the plaintiff resided in that county upon commencement of the action; order granting motion to change venue out of Queens County reversed]).

Moreover, the court accepts the plaintiff's explanations for her continued driver license and voter registrations at her childhood address. In *Astillero v Abramov* (92 AD3d 436, 436 [1st Dept 2012]), the plaintiff elected New York County as the venue for an action against the defendants, based on DMV records indicating that one of the defendants resided in New York County when the action was commenced. That defendant, however, had, prior to the commencement of the action, moved from New York County to Queens County, but failed to notify the DMV of her move, as required by Vehicle and Traffic Law § 505(5). Nonetheless, regardless of the contents of the DMV records, the Appellate Division, First Department, affirmed an order (Silver, J.) granting the plaintiff's cross motion to change venue from New York County to Queens County and denying the defendants' motion to change venue from New York County to Nassau County. The Appellate Division reasoned that, even though the plaintiff

**805340/2024 LESZYK, EMILY ET AL vs. GUTHRIE CORNING HOSPITAL ET AL** Page 5 of 6
**Motion No. 002**

5 of 6

there elected to commence the action in an improper county, that election did not cause her to forfeit her right thereafter to choose a proper venue (*see id*.). Similarly, the inadvertent failure of the plaintiff here to update her DMV records to reflect her move to New York County does not constitute a forfeiture of her right to commence this action in a proper county, whether that county was New York County (her actual place of residence when she commenced this action), Chemung County (where she was appointed administrator of her decedent's estate), or Steuben County (where the defendants reside and the material facts underlying her claims arose).

Accordingly, it is,

ORDERED that the motion is denied.

This constitutes the Decision and Order of the court.

__4/25/2025__
**DATE**

_____
**JOHN J. KELLEY, J.S.C.**

| CHECK ONE: | | ☐ | CASE DISPOSED | | ☒ | NON-FINAL DISPOSITION | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | ☐ | GRANTED | ☒ DENIED | ☐ | GRANTED IN PART | ☐ | OTHER |
| APPLICATION: | | ☐ | SETTLE ORDER | | ☐ | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | ☐ | INCLUDES TRANSFER/REASSIGN | | ☐ | FIDUCIARY APPOINTMENT | ☐ | REFERENCE |

**805340/2024   LESZYK, EMILY ET AL vs. GUTHRIE CORNING HOSPITAL ET AL**
**Motion No.  002**

**Page 6 of 6**

6 of 6

[* 6]