Paulson v Paulson (2025 NY Slip Op 04259)

Paulson v Paulson

2025 NY Slip Op 04259

Decided on July 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2022-07436
 (Index No. 609316/22)

[*1]John A. Paulson, respondent,
v
Jenica Paulson, appellant.

Abrams Fensterman, LLP (Cohen Clair Lans Greifer & Simpson LLP, New York, NY [Robert Stephan Cohen], of counsel), for appellant.
Blank Rome LLP, New York, NY (Marilyn B. Chintz, Norman S. Heller, and Ory Apelboim of counsel), for respondent.

DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Suffolk County (Valerie M. Cartright, J.), dated August 31, 2022. The order denied the defendant's motion pursuant to CPLR 510 to change the venue of the action from Suffolk County to New York County.
ORDERED that the order is affirmed, with costs.
In May 2022, the plaintiff commenced this action for a divorce and ancillary relief in the Supreme Court, Suffolk County. The defendant moved pursuant to CPLR 510 to change the venue of the action from Suffolk County to New York County. The defendant contended that venue was improper in Suffolk County, since both she and the plaintiff were residents of New York County at the time of the commencement of the action and neither of the parties resided in Suffolk County (see id. § 510[1]). Alternatively, the defendant argued that a change of venue to New York County was appropriate for the convenience of material witnesses (see id. § 510[3]). The plaintiff opposed the motion, contending, among other things, that while his primary residence was in New York County, he was also a resident of Suffolk County for purposes of venue. In an order dated August 31, 2022, the Supreme Court denied the defendant's motion. The defendant appeals.
CPLR 503(a) provides, in relevant part, that "the place of trial shall be in the county in which one of the parties resided when it was commenced." "For venue purposes, a residence is where a party stays for some time with a bona fide intent to retain the place as a residence for some length of time and with some degree of permanency" (Ellis v Wirshba, 18 AD3d 805, 805; see Fisch v Davidson, 204 AD3d 104, 110). "In the context of venue, a party may have more than one residence" (Pomerantsev v Kodinsky, 156 AD3d 655, 656; see CPLR 503[a]).
"To prevail on a motion pursuant to CPLR 510(1) to change venue, a defendant must show that the plaintiff's choice of venue is improper, and also that the defendant's choice of venue is proper" (Williams v Staten Is.Univ. Hosp., 179 AD3d 869, 870; see Pomerantsev v Kodinsky, 156 AD3d at 656). "If the defendant meets this burden, the plaintiff is required to establish, in opposition, via documentary evidence, that the venue selected was proper" (Faulkner v Best Trails & Travel Corp., 203 AD3d 890, 891; see O.K. v Y.M. & Y.W.H.A. of Williamsburg, Inc., 175 AD3d 540, 541).
Here, in support of her contention that the venue of the action should be changed from Suffolk County to New York County pursuant to CPLR 510(1), the defendant submitted evidence that the parties resided in New York County at the time of the commencement of the action (see Kelly v Karsenty, 117 AD3d 912).
In opposition, however, the plaintiff demonstrated that he maintained an additional residence in Suffolk County at the time the action was commenced (see CPLR 503[a]). In his affidavit, the plaintiff averred, among other things, that for the last 28 years he had spent "a substantial amount of time in Southampton, including but not limited to summers, holidays, special events and midweek and weekend time attending to personal, business, philanthropic, political and community affairs." The plaintiff also submitted documentary evidence of his residence in Suffolk County, including the deeds to his property in Southampton, receipts for property taxes paid to the Village of Southampton in 2021, a May 2022 vehicle registration listing his Southampton address, a voter registration record listing the same address, and a five-year lease agreement, commencing in September 2019, for his office in Southampton. The plaintiff also submitted evidence that his Southampton residence was listed as the home address on the parties' 2020 tax return. This evidence was sufficient to establish that, at the time of the commencement of the action, the plaintiff had a bona fide intent to retain a residence in Suffolk County with some degree of permanency (see CPLR 503[a]; Galette v Byrne, 122 AD3d 677, 678; Kelly v Karsenty, 117 AD3d at 913; cf. Fisch v Davidson, 204 AD3d at 113-114).
Furthermore, the defendant was not entitled to relief pursuant to CPLR 510(3), which provides that, upon motion, the court may change the venue of an action where "the convenience of material witnesses and the ends of justice will be promoted by the change." "A party moving to change venue pursuant to CPLR 510(3) must provide information about the prospective witnesses, including, but not limited to, their names and addresses, disclose the facts about which the proposed witnesses will testify at the trial, represent that the prospective witnesses are willing to testify, and state that the witnesses would be inconvenienced if the venue is not changed" (Bikel v Bakertown Realty Group, Inc., 157 AD3d 924, 925; see Ambroise v United Parcel Serv. of Am., Inc., 143 AD3d 927, 928). Here, the defendant's submissions in support of her motion failed to satisfy these criteria (see Coluck Inc. v SEM Sec. Sys., Inc., 175 AD3d 593, 595).
Accordingly, the Supreme Court properly denied the defendant's motion pursuant to CPLR 510 to change the venue of the action from Suffolk County to New York County.
DILLON, J.P., BRATHWAITE NELSON, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court